## COMMONWEALTH of Pennsylvania

v.

## David W. PETZOLD, Jr., Appellant.

Superior Court of Pennsylvania.

Argued May 13, 1997.
Filed Oct. 16, 1997.

---

George W. Westervelt, Jr., Stroudsburg, for appellant.

David W. Addy, Assistant District Attorney, Lehighton, for Commonwealth, appellee.

Before BECK and HUDOCK, JJ., and CERCONE, President Judge Emeritus.

BECK, Judge:

In this case we decide whether the trial court must impose the statutory mandatory minimum sentence where the government's outrageous conduct entrapped or manipulated the defendant so as to escalate the severity of the crime he has committed.

Although we accept the principles underlying sentencing entrapment, we conclude that appellant in this case has not demonstrated that a departure from mandatory sentencing provisions is appropriate.

The facts of this case are relatively simple. Appellant sold one quarter pound of marijuana to a confidential informant (CI) who was working with state police. After the initial transaction, the CI attempted to purchase

additional drugs from appellant without success. Appellant explained that he was "laying low" because he suspected he was being investigated by law enforcement. Ultimately, police decided to do a reverse sting operation wherein the CI would provide a marijuana source to appellant.

In a recorded conversation with appellant, the CI told him that a friend had access to ten pounds of marijuana. The CI explained that if he and appellant purchased the full ten pounds, they could get the drugs for significantly less than the going price for a single pound purchase. Appellant responded that he could "maybe tak[e] one." The CI then told appellant that he was interested in splitting the drugs at five pounds for each of them. Appellant explained that he would have difficulty getting the money for the transaction, but after some discussion, appellant agreed to split the ten pound purchase, explaining that he "could move five."

Appellant later accompanied the CI to pick up the drugs. Approximately four and one half pounds of marijuana were delivered to the men by undercover police. Once the transfer took place, appellant promptly was arrested.

Appellant pled guilty to one count of possession with intent to deliver. Related charges filed against him were nol prossed. At the plea hearing, the Commonwealth gave notice of the mandatory one year minimum sentence for possession with intent to deliver over two pounds of marijuana. Counsel for appellant informed the court that he was aware of the mandatory minimum, but did not believe it applied under these facts. At the sentencing hearing, appellant claimed that the conduct of the government constituted sentencing entrapment and/or sentencing factor manipulation, therefore, imposition of the mandatory sentence was inappropriate. Despite appellant's arguments, the court imposed the mandatory sentence.

■ Sentencing entrapment or manipulation is a doctrine developed and adopted in several Federal Circuit Courts of Appeal.[1]

It occurs when "a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir.1994). It often is asserted in narcotics matters, typically reverse sting cases, in which government agents determine the amount of drugs a target will purchase. Sentencing entrapment or manipulation is similar to traditional notions of entrapment in that it requires extraordinary misconduct by the government. *United States v. Egemonye*, 62 F.3d 425 (1st Cir.1995). However, it differs from classic entrapment in that it is not a complete defense to criminal charges and, therefore, cannot serve as a basis for acquittal. Instead, it provides a convicted defendant the opportunity for a reduced sentence, typically in the form of a downward departure from the sentencing guidelines. *See United States v. McClelland*, 72 F.3d 717 (9th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1448, 134 L.Ed.2d 567 (1996). It also can be used to exclude one of several criminal transactions included in a sentencing scheme. *See United States v. Connell*, 960 F.2d 191 (1st Cir.1992). It may even provide relief from a mandatory sentence. *See United States v. Montoya*, 62 F.3d 1 (1st Cir. 1995).

Not all federal courts have adopted the doctrine and among those that have, a variety of approaches to the issue have emerged. *See United States v. Stavig*, 80 F.3d 1241, 1245 n. 3 (setting forth those circuits that have accepted the sentencing entrapment defense and those that have not); *United States v. Kaczmarski*, 939 F.Supp. 1176, 1180–81 (E.D.Pa.1996) (comparing cases which apply various forms of sentencing entrapment and manipulation).

In addition to the federal courts, the Federal Sentencing Commission has recognized the potential for governmental abuse in the sentencing arena. A downward departure from the guidelines explicitly is permitted where a government agent, acting in a reverse sting narcotics scheme, sets the price

1. The topic was discussed by this court in *Commonwealth v. Nelson*, 446 Pa.Super. 240, 666 A.2d 714 (1995), *appeal denied*, 544 Pa. 605, 674 A.2d 1069 (1996), but was neither adopted nor applied in that case.

for drugs at a substantially below-market value, thereby leading a defendant to purchase a significantly greater amount than his or her available resources would have allowed. *Stavig, supra,* at 1246 (citing to Federal Sentencing Guideline Application Notes). Further, where a defendant is not capable of producing an amount of drugs negotiated by government agents, the court must exclude from its guidelines calculation the amount the defendant was unable to produce. *Id.*

■ After a thorough review of the federal case law regarding sentencing entrapment and manipulation, we are persuaded that sentence reduction is an appropriate and just response to outrageous government conduct designed solely to increase a defendant's term of incarceration. The right upon which the doctrine is based, due process, requires nothing less. *See United States v. Garza–Juarez,* 992 F.2d 896, 904 (1993) (due process violated where government conduct is excessive, flagrant, scandalous, intolerable and offensive), *cert. denied,* 510 U.S. 1058, 114 S.Ct. 724, 126 L.Ed.2d 688 (1994). *See also Nelson, supra* (discussing due process generally and in the context of sentencing manipulation).

The benefits of reverse sting operations, i.e., ferreting out those who are ready, willing and able to engage in crime, must be balanced against the danger of granting law enforcement officials unlimited power to define the scope of criminal culpability in a given case. The fact that a single officer in the field can determine the amount of drugs in a case, and, therefore, the length of sentence for a defendant, is a troubling scenario. Such awesome power cannot go unchecked.

While the majority of federal case law addresses sentencing manipulation in the context of downward departures from sentencing guidelines, at least one circuit court is of the opinion that the defense is proper even in the face of mandatory sentencing provisions. *See Montoya, supra* at 4 (claim of extraordinary misconduct amounting to sentencing manipulation is not limited to request for discretionary guideline departure; it also applies to statutory mandatory minimums).

■ In *Commonwealth v. Logan,* 404 Pa.Super. 100, 590 A.2d 300, *appeal denied,* 528 Pa. 622, 597 A.2d 1151 (1991), a panel of this court found that the trial court erred in sentencing the appellant to less than the mandatory minimum sentence prescribed by law, despite the trial court's dissatisfaction with the prosecution's "unfettered discretion" to seek the mandatory. The *Logan* court held that the sentencing court was not authorized to "place its own assessment of the proper punishment before that of the legislature." *Id.* at 104, 590 A.2d at 301. While we agree with the principle enunciated in *Logan,* we find it inapplicable where extraordinary and egregious government conduct has been proved by a criminal defendant. *See Stavig, supra; Montoya, supra.* Due process is indeed violated where government conduct is "so grossly shocking and so outrageous [that it] violates the universal sense of justice." *Garza–Juarez, supra* at 903. *Logan* is materially different from this case because there, the defendant did not assert that law enforcement officers manipulated her conduct and the scope of her crime so as to ensure that she received an enhanced sentence. Here, appellant does make such a claim.

We agree with appellant that the reasoning underlying sentencing entrapment and manipulation is sound and should be adopted by this court. We further believe that it should apply equally to sentencing guidelines cases and mandatory sentencing cases.

■ With our acceptance of the premise underlying sentencing entrapment and manipulation, we adopt the standard typically applied in such cases, namely, the existence of "outrageous government conduct" or "extraordinary government misconduct" which is designed to and results in an increased sentence for the convicted defendant. This standard presents a heavy burden for the defendant seeking a sentence reduction. Simply put, sentencing entrapment/manipulation is difficult to prove; it is not established "simply by showing that the idea originated with the government or that the conduct was encouraged by it, ... or that the crime was prolonged beyond the first criminal act ... or exceeded in degree or

kind what the defendant had done before."
*Montoya, supra* at 3.

■ Here, the transcript from appellant's recorded conversation with the CI leads us to conclude that the government did not behave in an outrageous manner, nor was appellant coerced into buying more marijuana than he was inclined to purchase.

While the specific amount of illicit drugs was not appellant's idea, his interest in obtaining the proffered amount is clear from the transcript. Appellant needed little urging from the CI before agreeing to take five pounds of the drug. His reference to another deal which had the potential to generate four thousand dollars toward this purchase, coupled with his insistence that he "could move five," contradict his argument that he was not predisposed to make such a large purchase. Further, the ease and promptness with which he accepted the CI's offer belie his assertion that the government ensnared him in a deal which resulted in a stricter sentence than he deserved.

Despite our general approval of sentencing entrapment principles, appellant's circumstances do not provide a basis for sentence reduction. Therefore, even if we assume the trial court had authority to depart from the mandatory sentencing scheme prescribed by law, appellant would be afforded no relief.

Judgment of sentence affirmed.