**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Steven T. SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 28, 2009.
Filed Oct. 30, 2009.
Reargument Denied Jan. 5, 2010.

* Retired Senior Judge specially assigned to the Superior Court.

Michael J. Machen and Scott B. Rudolf, Public Defenders, Pittsburgh, for appellant.

Andrea F. McKenna, Office of Attorney General, Harrisburg, for Commonwealth, appellee.

BEFORE: KLEIN, J., McEWEN, P.J.E., and HUDOCK, J.*

OPINION BY KLEIN, J.:

¶ 1 Steven T. Smith appeals from his judgment of sentence imposed following his open plea to four counts of possession of a controlled substance (cocaine), four counts of possession with intent to deliver a controlled substance (cocaine), and three counts of delivery of a controlled substance (cocaine). Smith was sentenced to an aggregate term of 7–14 years' imprisonment after the trial court imposed the mandatory minimum for each sentence pursuant to 18 Pa.C.S. § 7508.[1]

1. The penalties set forth in 18 Pa.C.S. § 7508 depend upon the type and amount of the substance involved.

¶ 2 On appeal Smith claims that the police engaged in "sentencing manipulation" when they prolonged their investigation and waited for him to complete four separate transactions (spanning the course of almost 11 months) so that they could increase his mandatory minimum sentence from three years (mandatory minimum on first conviction) to five years (mandatory minimum for second conviction) and then ultimately to seven years (mandatory minimum for third and fourth convictions).[2] Because this issue needs to be addressed at an evidentiary hearing before the trial court, we reverse and remand.

## FACTS

¶ 3 On July 19, 2005, agents working with the Attorney General Drug Strike Force witnessed a controlled drug buy between a confidential informant (buyer) and Smith (seller). The transaction netted 52 grams of cocaine; they did not arrest Smith at the time. Eight days later, the same agents observed Smith sell drugs to the same informant; this transaction yielded 53.8 grams of cocaine. Smith was again not arrested. Eight and one-half months later, agents watched a different confidential informant meet with Smith. This time Smith sold 126 grams of cocaine to the informant; again Smith was not arrested. Finally, five weeks later, on June 14, 2006, agents observed the same informant from the third transaction purchase drugs from Smith. This time the authorities arrested Smith. The final transaction yielded 123 grams of cocaine. Smith ultimately entered an open guilty plea to all drug charges listed in the information.

¶ 4 Prior to sentencing, the Commonwealth gave notice of its intent to seek the mandatory minimum pursuant to sections 7508(a)(3)(ii) & (iii) for the following counts: (1) counts 9 and 10 (mandatory minimum three years where weight of cocaine more than 10 grams but less than 100 grams); and (2) counts 11 and 12 (mandatory minimum four years where weight of cocaine at least 100 grams).[3] In addition to the mandatory minimums imposed due to the weight of the drugs involved in the case, Smith's sentences on counts 10 through 12 were also increased because "at the time of sentencing [he] ha[d] been convicted of another drug trafficking offense [i.e., count 9]." *See* 18 Pa. C.S.A. §§ 7508(a)(3). As a result, the four-year mandatories on counts 11 and 12 increased to seven years and the three-year mandatory on count 10 increased to five years.[4]

## DISCUSSION

¶ 5 On appeal, Smith claims that the Commonwealth manipulated his sentence by waiting to arrest him until he had committed four separate drug transactions over the course of almost 11 months resulting in an increase in the mandatory minimum sentence from three to seven years.

¶ 6 Our courts have recognized the doctrines of sentencing entrapment and sentencing manipulation from its federal brethren. *See Commonwealth v. Paul,* 925 A.2d 825 (Pa.Super.2007); *Commonwealth v. Petzold,* 701 A.2d 1363 (Pa.Super.1997). In *Petzold,* our Court adopted

---

**2.** Smith's sentence breaks down as follows: mandatory minimum sentence of 3–6 years (on Count 9) to be served concurrently to another mandatory-minimum sentence of 5–10 years (on Count 10); and a mandatory minimum of 7–14 years (on Count 11) to be served concurrently with 7–14 years (on Count 12).

**3.** The remaining counts merged for sentencing purposes.

**4.** The court on its own motion granted Smith bond pending appeal.

the federal courts' reasoning and the standard applied in those cases. Specifically, our Court recognized that sentencing entrapment and manipulation are difficult to prove and cannot be established simply by showing that "the idea originated with the government or that the conduct was encouraged by it, ... **or that the crime was prolonged beyond the first criminal act,** ... or exceeded in degree or kind what the defendant had done before." *Id.* at 1366–67 (emphasis added), *citing U.S. v. Montoya*, 62 F.3d 1, 3 (1st Cir.1995).

¶ 7 Here, we believe that such cases boil down to a credibility determination on the part of the trial judge. Specifically, if the trial court believes that the Commonwealth employed the normal practice in the course of its investigation in a given case, then application of the mandatory minimum under such circumstances is proper. However, if the court believes that the Commonwealth abused its discretion by unnecessarily prolonging the investigation in an effort to lead to an increased sentence for the defendant by virtue of applying the mandatory minimum(s), then the court should not apply those mandatories on the latter sentences.

¶ 8 Here, the trial court *sua sponte* raised the issue about whether the Commonwealth's investigation of Smith was improperly protracted; thus, the issue has been preserved for review. In response to the court's query, the Commonwealth explained that Smith's arresting officers waited for him to conduct multiple transactions because they wanted to establish what level dealer Smith was, determine who was Smith's supplier, and also establish what other criminal activity he may

have been involved in. *See* N.T. Guilty Plea Proceeding, 10/6/2008, at 17–18. Although if found as a fact, this argument could support the decision to delay making the arrest; however, a lawyer's statement is not a substitute for a hearing where there would be testimony under oath and the trial judge could make a credibility determination. Absent a hearing, there are no "facts" of record to provide a basis for determining whether this case should be considered sentencing manipulation as matter of law.[5]

## CONCLUSION

¶ 9 Accordingly, we remand the case for the trial court to conduct a hearing where the parties have the opportunity to present evidence and argument surrounding whether this case presents an example of sentencing manipulation as has been defined by the federal courts and adopted by our Court. Specifically, the trial court shall make findings of fact regarding why it took the Commonwealth nearly 11 months to arrest Smith and whether that prolonged investigation was an abuse of its discretion.

¶ 10 Judgment of sentence reversed. Case remanded in accordance with the dictates of this decision. Jurisdiction relinquished.

---

5. Moreover, while it may appear at first blush that Smith had no predisposition to commit the greater offense when analyzing the difference in the amount of drugs recovered from the first and second transactions (52 grams versus 53.8 grams) and third and fourth transactions (126 grams versus 123 grams), *see Paul, supra,* the same cannot necessarily be said when examining the differing amount of drugs recovered between transactions two and three (53.8 grams versus 126 grams).