J-S46020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN RUSSELL GATES | |
| Appellant | No. 1255 MDA 2013 |

Appeal from the Judgment of Sentence May 17, 2013
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000415-2012

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 20, 2014**

John Russell Gates appeals from his judgment of sentence, entered in the Court of Common Pleas of Huntingdon County, after entering an open guilty plea to nine counts of theft by failure to make required disposition of funds received (F-3).[1]  Gates was sentenced to an aggregate term of 54 to 144 months' (4½-12 years) imprisonment[2] and ordered to pay restitution to his victims in the amount of $455,158.31.  Counsel has also filed a brief seeking to withdraw from representing Gates on appeal, pursuant to

_____

[1] 18 Pa.C.S. § 3927(a).

[2] The trial judge found Gates eligible for the Recidivism Risk Reduction Incentive (RRRI) program so his minimum sentence was reduced to 45 months in prison.

*Anders*/*McClendon*/*Santiago*.[3] After careful consideration, we affirm Gates' judgment of sentence and grant counsel's petition to withdraw.

Gates, a former Huntingdon County attorney,[4] allegedly failed to distribute over $455,000 of funds from nine clients and their families between April 1, 2011 and December 31, 2011. On February 13, 2013, Gates entered a guilty plea in exchange for the Commonwealth agreeing to *nolle prosse* 26 remaining charges. After a presentence investigation report was ordered and reviewed by the trial judge,[5] Gates was sentenced to eight consecutive sentences of 6 to 18 months in prison, with a two-year probationary tail. As a condition of his sentence, Gates was ordered to pay his victims restitution in the amount of $455,158. Gates filed a timely motion for reconsideration, which was denied after a hearing. This timely appeal was subsequently filed.

When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to

---

[3] *Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

[4] Gates was disbarred, effective February 8, 2012.

[5] In November 2013, the sentencing judge, the Honorable Timothy S. Searer, lost his bid for reelection. Because Judge Searer had not filed a Pa.R.A.P. 1925(a) opinion at the time of his leaving office, the only record we have of the judge's reason for Gates' sentence is the transcript of the sentencing hearing.

withdraw. ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005). In order for counsel to withdraw from an appeal pursuant to ***Anders***, certain requirements must be met. Counsel must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (citing ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009)).

Instantly, counsel's petition to withdraw from representation states that he has made a conscientious examination of the record and concluded the appeal is wholly frivolous. Counsel indicates he supplied Gates with a copy of the brief and a letter explaining his right to proceed *pro se* or with privately-retained counsel, to raise any other issues he believes might have merit. Counsel also has submitted a brief, setting out in neutral form the issue Gates wished to raise on appeal. Thus, counsel has substantially complied with the ***Anders***/***McClendon***/***Santiago*** requirements.

Because counsel has satisfied the procedural requirements for withdrawal, this Court must now conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact,

wholly frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004).

In his *pro se* brief on appeal, Gates raises twelve issues. Several of those issues concern the adequacy of the trial judge's oral guilty plea colloquy. Specifically, Gates claims the judge's colloquy did not comply with legal requirements showing that his conduct proved all the elements of the offenses for which he pled guilty and that the colloquy failed to set forth sufficient facts to support the criminal elements. Because Gates failed to include these issues in his timely filed post-sentence motion and did not object during the colloquy or file a motion to withdraw his plea, technically these claims are waived. **See** Pa.R.Crim.P. 702(B)(1)(a)(i); **see also** Pa.R.Crim.P. (B)(1)(c) ("*Issues raised before or during trial shall be deemed preserved for appeal* whether or not the defendant elects to file a post-sentence motion on those issues."). However, even if we did not deem these issues waived, we would conclude that they are frivolous. **See Commonwealth v. Hernandez**, 783 A.2d 784 (Pa. Super. 2001) (even where claims on appeal are technically waived due to counsel's failure to file Pa.R.A.P. 1925(b) statement, under **Anders** appellate court must review claims on merits to determine if counsel is permitted to withdraw).

A review of Gates' oral and written guilty plea colloquies demonstrates that the judge complied with the applicable rules regarding the tender of pleas and plea agreements. **See generally** Pa.R.Crim.P. 590. Specifically,

Judge Searer discussed the nature of the charges brought against Gates, *see* N.T. Oral Guilty Plea, 2/13/13, at 2-3, and the deputy attorney general gave detailed accounts of each of Gates' nine victims as it relates to the factual bases of his plea, *id.* at 4-8. Accordingly, we find that the oral plea colloquy sufficiently set forth Gates' conduct in relation to the elements of the offenses for which he pled guilty and that there was a sufficient factual basis for his plea.

Three of Gates' issues concern the discretionary aspects of his sentence.[6] When the discretionary aspects of a sentence[7] are questioned, an appeal is not

_____

[6] Our standard of review when a defendant challenges the discretionary aspects of a sentence is very narrow. We will reverse only where the defendant has demonstrated a manifest abuse of discretion. *Commonwealth v. Hermanson*, 674 A.2d 281, 283 (Pa. Super. 1996).

[7] We recognize that there are several types of guilty pleas: (1) an open plea (where there is an agreement as to charges to be brought, but no agreement with regard to sentence), (2) a hybrid plea (where agreement did not include specific term of imprisonment, but placed limitations on sentence (i.e., only certain charges would run consecutively) and also specified charges), and (3) a negotiated plea (where parties bargain for a *specific sentence* as well as charges to be brought). *Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994). Despite the fact that Gate's written guilty plea indicates he is limited to raising four specific issues on appeal, *see* Guilty Plea Colloquy, 2/13/2013, at ¶34 ("After you enter your guilty plea . . . [an] appeal from a guilty plea is limited to . . . guilty plea was not knowing, intelligent and voluntary; that the Court did not have jurisdiction to accept your plea[;] that the Court's sentence is beyond the maximum penalty authorized by law; and that [counsel] was ineffective[.]"), because Gates' plea was not negotiated with regard to sentence, he cannot be restricted from raising discretionary aspect of sentencing claims on appeal. *See Dalberto*, 648 A.2d at 18 ("[T]he determination of whether discretionary aspects of sentencing may be challenged after a guilty plea is
*(Footnote Continued Next Page)*

guaranteed as of right. ***Commonwealth v. Moore***, 617 A.2d 8, 11 (Pa. Super. 1992). Rather, two criteria must be met before an appeal may be taken. First, the appellant must "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence," Pa.R.A.P. 2119(f), and second, an appeal will only be granted when a "substantial question" has been presented. 42 Pa.C.S. § 9781(b); ***Moore***, 617 A.2d at 11. An appellate court will find a "substantial question" and review the decision of the trial court only where an aggrieved party can articulate clear reasons why the sentence imposed by the trial court compromises the sentencing scheme as a whole. ***Commonwealth v. Tuladziecki***, 513 Pa. 508, 522 A.2d 17 (Pa. 1987).

First, Gates claims that the court erred in sentencing him on nine counts consecutively, rather than running all nine counts concurrently to one another because they are all part of "a single scheme." The imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Challenges to the exercise of this discretion ordinarily do not raise a substantial question. ***Commonwealth v. Pass***, 914 A.2d 442, 446-47 (Pa. Super. 2006). Section 9721 of the Sentencing Code affords the sentencing court discretion to impose its sentence

_(Footnote Continued)_ ————————

entered depends upon the actual terms of the plea bargain, specifically, to what degree a sentence agreement has been reached.").

concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. *Commonwealth v. Marts*, 889 A.2d 608 (Pa. Super. 2005). In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed. *Commonwealth v. Perry*, 883 A.2d 599 (Pa. Super. 2005). The key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case. *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010). Because Gates also claims his sentence is excessive, as a result of multiple counts running consecutively, we find that he has presented a substantial question for our review. *Id.*

The crime of theft by failure to make required disposition of funds is defined as:

> A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition.

18 Pa.C.S. § 3927(a).

Here, nine individual victims and their families were affected by Gates' actions, with the total theft exceeding $450,000. The client funds that Gates misappropriated for personal use included: (1) proceeds from decedents' estates he represented; (2) money that should have been disbursed to a nursing home for the care of a client's father; and (3) money held in escrow for clients. Gates signed a written plea colloquy acknowledging the extent of his criminal actions, indicating that he understood the factual nature of the offenses to which he was pleading guilty and that he was aware of the permissible range of sentences and/or fines that could be imposed. Moreover, he stated that he understood that the trial court could impose consecutive sentences. Under such circumstances, we do not find Gates' aggregate sentence of 54 to 144 months' imprisonment (consisting of nine counts running consecutively) is excessive, especially where the Commonwealth agreed to *nolle prosse* 26 criminal charges and the sentence for each individual count was within the standard range of the guidelines. ***See Commonwealth v. Fiascki***, 886 A.2d 261 (Pa. Super. 2005) (where trial court considered unique circumstances of crimes and effect that crimes had on each of 23 individual theft victims, trial court's sentence of 10-20 years' incarceration for defendant's guilty plea to 23 counts of theft by failure to make required disposition of funds was not unreasonable).

Gates also asserts that pursuant to 18 Pa.C.S. § 3902 his theft offenses should have constituted a single offense for sentencing purposes. We disagree.

Under section 3902 (Consolidation of theft offenses):

Conduct denominated theft in this chapter constitutes a single offense. An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the complaint or indictment, subject only to the power of the court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise.

18 Pa.C.S. § 3902. As previously noted, Gates pled guilty to only one theft offense, the offense of theft by failure to make required disposition of funds received, 18 Pa.C.S. § 3927(a). The fact that Gates was sentenced on nine separate counts for a single theft offense is legally permissible and does not violate section 3902. *Compare Commonwealth v. Haines*, 442 A.2d 757 (Pa. Super. 1982) (where defendant convicted of theft by unlawful taking/disposition *and* receiving stolen property was properly sentenced on only one theft offense under section 3902; defendant's conduct proscribed by both crimes making counts superfluous) with *Fiascki*, *supra* (defendant's guilty plea to 23 counts under section 3927 proper where there were 23 individual theft victims).

Finally, Gates claims that his sentence is illegal for the following reasons: (1) the prosecution committed "sentencing manipulation" by separating one crime into nine counts and (2) several of the counts should

have merged, for sentencing purposes, into the one offense as "lesser included offenses."[8]  Gates' arguments are misplaced.

In **Commonwealth v. Petzold**, 701 A.2d 1363 (Pa. Super. 1997), our Court stated that sentencing manipulation occurs when "a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." **Commonwealth v. Paul**, (Pa. Super. 2007), citing **Commonwealth v. Petzold**, 701 A.2d at 1365.  Here, Gates was not entrapped into committing additional acts of theft beyond the monies he misappropriated from his first client-victim.  In short, the prosecution or government had no involvement in encouraging his criminal conduct or prolonging his illegal actions beyond the first criminal act in April 2011.  Therefore, this claim has no merit.

With regard to Gates' claims that the nine counts should have merged for sentencing purposes, based on the fact that his conduct should be considered a single crime, we also find he is due no relief.

Pursuant to section 9765 (Merger of sentences):

> No crimes shall merge for sentencing purposes unless the crimes *arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense.* Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

_____

[8] A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence.  **Commonwealth v. Allen**, 24 A.3d 1058, 1062 (Pa. Super. 2011).

- 10 -

42 Pa.C.S. § 9765 (emphasis added).

Here, Gates failed to properly dispose of the funds of nine clients, nine separate times. As a result, his conduct was not part of a single criminal episode; rather, he violated section 3927 each time he committed theft against each of his nine victims. Therefore, merger, as defined in section 9765, is inapplicable.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/20/2014