J-A23045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY MICHAEL DARGIS | : | |
| | : | |
| Appellant | : | No. 328 MDA 2021 |

Appeal from the Judgment of Sentence Entered February 22, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001563-2019

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: OCTOBER 8, 2021**

Appellant, Jeffrey Michael Dargis, appeals from the judgment of sentence entered in the Court of Common Pleas of Schuylkill County after a jury convicted him on two of four counts of Delivery of a Controlled Substance, 35 P.S. §§ 780-113(a)(30).[1]

Herein, Appellant raises a challenge to the discretionary aspects of his sentence in which he contends the Commonwealth engaged in sentence manipulation or entrapment during its series of controlled buys from him. Finding Appellant has failed to preserve his discretionary aspects claim for appellate review, we affirm.

From December 5, 2018 through January 30, 2019, Appellant was the subject of four controlled buys arranged by the Higgins Township Police

_____

[*] Former Justice specially assigned to the Superior Court.
[1] The jury acquitted Appellant on the remaining two counts.

Department through text messaging and telephone calls, with the first two transactions initiated by a confidential informant and Higgins Township Police Chief John Boyer posing as a drug supplier, and the last two by the police chief acting alone. In each transaction, Appellant purported to deliver the $150.00 worth of heroin that was requested. N.T. 7/22/20, at 22-24, 35-39, 41-46. Forensic testing revealed, however, that the first buy consisted of fentanyl, a Schedule II controlled substance, whereas the remaining buys consisted of either trace amounts of fentanyl or contained no traceable controlled substance. N.T. 77-78, 82, 84.

According to the testimony of Chief Boyer, a primary goal of the controlled buys with Appellant was to gain knowledge of his supplier. N.T. at 66. Eventually, on August 23, 2019, investigators arrested Appellant and charged him with four counts of Delivery of a Controlled Substance, as noted *supra*. N.T. at 62.

At the conclusion of Appellant's jury trial, he was convicted on two counts and acquitted on two counts. On February 16, 2021, the court imposed a standard range sentence of 5 to 10 years' incarceration on each count and ran them consecutively for an aggregate term of 10 to 20 years' incarceration. It is not disputed that Appellant offered no sentence entrapment defense at trial, did not raise the issue at sentencing, and filed no post-sentence motion.

In this timely appeal, Appellant presents the following question for our review:

Did the actions of police constitute sentence entrapment?

Appellant's brief, at 4.

Specifically, Appellant argues for the first time that he "should be found to have been entrapped and the matter remanded for resentencing."  Brief for Appellant, at 15.  The basis for his sentence entrapment claim, he contends, is that he was a reluctant narcotics seller who, despite occasionally failing to return Chief Boyer's calls and delivering purported heroin that contained only minimal amounts of fentanyl, was contacted multiple times throughout the two month period in question to sell heroin.

> Sentencing manipulation occurs when "a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." It often is asserted in narcotics matters, typically reverse sting cases, in which government agents determine the amount of drugs a target will purchase.  Sentencing entrapment or manipulation is similar to traditional notions of entrapment in that it requires extraordinary misconduct by the government. However, it differs from classic entrapment in that it is not a complete defense to criminal charges and, therefore, cannot serve as a basis for acquittal.  Instead, it provides a convicted defendant the opportunity for a reduced sentence, typically in the form of a downward departure from the sentencing guidelines.  It also can be used to exclude one of several criminal transactions included in a sentencing scheme.  It may even provide relief from a mandatory sentence.

*Commonwealth v. Paul*, 925 A.2d 825, 830 (Pa.Super. 2007) (internal citations omitted).

This Court has held:

> With our acceptance of the premise underlying sentencing entrapment and manipulation, we adopt the standard typically applied in such cases, namely, the existence of "outrageous government conduct" or "extraordinary government misconduct" which is designed to and results in an increased sentence for the

convicted defendant. This standard presents a heavy burden for the defendant seeking a sentence reduction. Simply put, sentencing entrapment/manipulation is difficult to prove; it is not established "simply by showing that the idea originated with the government or that the conduct was encouraged by it, ... or that the crime was prolonged beyond the first criminal act ... or exceeded in degree or kind what the defendant had done before."

*Commonwealth v. Petzold*, 701 A.2d 1363, 1366–67 (Pa.Super. 1997) (citation omitted).

Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Kittrell*, 19 A.3d 532, 538 (Pa.Super. 2011) (holding sentencing entrapment claim implicates the discretionary aspects of sentencing). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. ... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, although Appellant raised his sentence entrapment claim in both his Pa.R.A.P. 1925(b) concise statement[2] and his Pa.R.A.P. 2119(f) statement, he did not first present this issue for the trial court's consideration in either a post-sentence motion or during sentencing proceedings. As such, he failed to preserve this issue. **See Kittrell**, 19 A.3d at 538 ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived."); **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa.Super. 2003). Therefore, because Appellant did not meet the second element of the four-part test in **Colon**, we cannot address the merits of his claim.

Judgment of sentence affirmed.

_____

[2] Appellant's concise statement asserted only that "Appellant was entrapped by police as a matter of law. Prosecutors arranging 4 transactions constitutes sentencing entrapment[,]" which, given his failure to raise the issue either during trial, at sentencing, or in his post-sentence motion, arguably failed to apprise the court on the specifics of his appellate claim adequately to allow for a meaningful Pa.R.A.P. 1925(a) opinion. Nevertheless, we decline to find Rule 1925(a) waiver where the trial court was able to discern the nature of the claim to be raised from the context of the operative facts adduced at trial and dismiss it as a waived claim.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/08/2021