J-S45020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CLIFF CROSBY | : | |
| | : | |
| Appellant | : | No. 711 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 2, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000577-2021

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: FEBRUARY 10, 2026**

Cliff Crosby (Appellant) appeals from the judgment of sentence imposed following his conviction by a jury of two counts each of possession with intent to deliver a controlled substance (PWID) and criminal use of a communication facility (CUCF).[1]  Because Appellant failed to properly invoke this Court's jurisdiction to challenge the discretionary aspects of his sentence, we dismiss the appeal.

The trial court summarized the relevant, underlying factual history:

On January 8, 2019, a confidential informant (CI) told law enforcement that they could purchase "8 balls" of crack cocaine, approximately three and one-half (3½) grams, from [Appellant] for $150.00.  N.T., 6/21/21, at 21, 80-81.  The following day, Narcotics Agents Christopher Burnell and Kurt Zitsch [(Agents

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 7512(a).

Burnell and Zitsch, respectively)], with the Pennsylvania Office of Attorney General, met with the CI at a secure location for the purpose of conducting a controlled buy from [Appellant]. *Id.* at 21, 83.

The CI advised police that [Appellant's] phone number was 717-686-[XXXX,] and that he generally utilized rental cars. *Id.* at 81. The CI's vehicle and person were searched, and no drugs or cash were discovered. *Id.* at 23, 84. Once the searches were completed, Agent Zitsch watched the CI place a telephone call to [Appellant's] phone number and heard [the CI] arrange to purchase two (2) "8 balls" in the vicinity of 4th and Muench Streets in the City of Harrisburg. *Id.* at 84-85.

[Law enforcement] left to set up surveillance in the area, and Agent Zitsch provided the CI with $300.00 of pre-recorded funds, placed a video recording device in the CI's vehicle, and then followed the CI to the arranged sale location. *Id.* at 85-86, 87. From his surveillance position, Narcotics Agent Sean Haggarty observed [Appellant] exit the nearby Community Center, approach the CI's vehicle, enter the vehicle, and then exit it shortly thereafter. *Id.* at 57-58, 60-61. The CI then called Agent Zitsch to tell him the deal was done. *Id.* at 89. Agent Burnell followed the CI's vehicle directly back to the secure location without making any stops along the way. *Id.* The CI then provided Agent Burnell with the drugs, and [Agent Burnell], in turn, provided them to Agent Zitsch. *Id.* at 25, 89. The CI's vehicle was searched again, and no contraband was found. *Id.* at 26.

The video from the recording device inside the CI's vehicle was admitted into evidence [at trial] and played for the jury. *Id.* at 94. The substance delivered by [Appellant] to the CI was tested by the Pennsylvania State Police and found to be cocaine weighing 5.91 grams. *Id.* at 91.

Trial Court Opinion, 7/29/25, at 3-4 (citations modified; phone number redacted).

The CI participated in a second controlled buy of cocaine from Appellant, near North Harrisburg and Lincoln Streets, on March 5, 2019. *Id.* at 4. Law

enforcement employed the same procedure of searching the CI, and following the CI to and from the purchase location, as described above. *Id.* at 4-5. The CI received from Appellant, and provided to law enforcement, 6.54 grams of cocaine. *Id.* at 5. Law enforcement charged Appellant with drug and related offenses on July 25, 2019.

On February 18, 2021, the Commonwealth filed a criminal information charging Appellant with three counts each of PWID and CUCF. Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600 (speedy trial rule), which the trial court denied. On June 22, 2021, a jury convicted Appellant of the above charges, and failed to reach a verdict on the remaining charges of PWID and CUCF. The trial court ordered a presentence investigation report. On September 2, 2021, the matter proceeded to sentencing.[2]

Relevantly, at sentencing, Appellant argued the trial court should treat Appellant's separate PWID convictions as a single transaction for sentencing purposes. N.T., 9/2/21, at 4-5. Appellant acknowledged that the applicable standard sentencing guidelines, for PWID involving 5.91 and 6.54 grams of cocaine, call for a minimum period of incarceration between 24 and 30 months for each of the two transactions. *Id.* at 5. Appellant argued, however, that the Commonwealth dictated the terms of these transactions, including the

---

[2] At the sentencing hearing, the Commonwealth withdrew the remaining PWID and CUCF charges.

amounts of drugs for purchase, with the use of the CI. *Id.* Therefore, Appellant argued, the trial court should combine the weight of the cocaine, and sentence Appellant to a single, minimum period of incarceration utilizing the standard sentencing guidelines for PWID involving 12.54 grams of cocaine, *i.e.*, 27 to 33 months. *Id.*

The trial court rejected Appellant's argument, sentenced Appellant to consecutive terms of three to ten years in prison for his PWID convictions, and imposed no further penalty for his CUCF convictions. Thus, the trial court imposed an aggregate sentence of six to twenty years in prison.[3]

On September 13, 2021, Appellant timely filed a post-sentence motion for modification of his sentence, asserting that, "[i]n choosing the amount of cocaine to purchase and to conduct multiple controlled buys from [Appellant], whose identity required no additional length of time to investigate the first delivery, the Commonwealth committed sentencing manipulation[4] …." Post-

---

[3] The sentencing order was filed of record on September 3, 2021.

[4] We "accept[ed] the principles underlying sentencing entrapment" in ***Commonwealth v. Petzold***, 701 A.2d 1363, 1364 (Pa. Super. 1997), wherein we explained that

> [s]entencing entrapment or manipulation is a doctrine developed and adopted in several Federal Circuit Courts of Appeal. It occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment. It often is asserted in narcotics matters, typically reverse sting cases, in which government agents determine the amount of drugs a target will purchase.

*(Footnote Continued Next Page)*

- 4 -

Sentence Motion, 9/13/21, ¶ 15 (footnote added). On September 29, 2021, the trial court denied Appellant's post-sentence motion.

Appellant filed a timely notice of appeal.[5] On direct appeal, Appellant challenged only the trial court's denial of his Rule 600 motion. We affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court subsequently denied Appellant's petition for allowance of appeal. ***Commonwealth v. Crosby***, 285 A.3d 921 (Pa. Super. 2022) (unpublished memorandum), ***appeal denied***, 307 A.3d 1202 (Pa. filed November 16, 2023).

On March 21, 2024, Appellant, *pro se*, filed a "Motion for Reconsideration and Modification of Sentence *Nunc Pro Tunc*," setting forth purportedly mitigating circumstances, and requesting that his sentence be modified to impose his terms of incarceration concurrently rather than

---

Sentencing entrapment or manipulation is similar to traditional notions of entrapment in that it requires extraordinary misconduct by the government. However, it differs from classic entrapment in that it is not a complete defense to criminal charges and, therefore, cannot serve as a basis for acquittal. Instead, it provides a convicted defendant the opportunity for a reduced sentence, typically in the form of a downward departure from the sentencing guidelines. It also can be used to exclude one of several criminal transactions included in a sentencing scheme. It may even provide relief from a mandatory sentence.

***Petzold***, 701 A.2d at 1365 (quotation marks and citations omitted).

[5] The Dauphin County Public Defender's Office (trial counsel) represented Appellant at trial and on his direct appeal.

consecutively. Post-Sentence Motion *Nunc Pro Tunc*, 3/21/24, at 2-3. On March 26, 2024, the trial court issued an order indicating that Appellant's motion "cannot be entertained," as the trial court was "without jurisdiction to do so[.]" Order, 3/26/24. The trial court pointed out that it could only modify Appellant's sentence within thirty days of its imposition, **see** 42 Pa.C.S.A. § 5505 (modification of orders), and, because Appellant only sought "leniency based upon the discretionary aspect[s] of sentencing[,]" Appellant's motion was not cognizable under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, **see Commonwealth v. Hernandez**, 328 A.3d 1159, 1165 n.3 (Pa. Super. 2024) ("[C]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA."). Order, 3/26/24.

On May 16, 2024, Appellant filed a *pro se* "Application for Relief" (challenging the trial court's Rule 600 determination), which the trial court treated as a timely, first PCRA petition. The trial court appointed Attorney William Shreve, Esquire (Attorney Shreve), to represent Appellant. Attorney Shreve filed a motion to withdraw "pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)," indicating that upon his review, Appellant's claims regarding the trial court's Rule 600 analysis lacked merit. **See** Motion to Withdraw, 7/12/24, ¶ 16.

On July 15, 2024, the trial court granted Attorney Shreve's motion to withdraw as counsel, and filed Pa.R.Crim.P. 907 notice of its intent to dismiss

Appellant's PCRA petition without a hearing. Appellant filed a *pro se* response averring that Attorney Shreve, "throughout the entire duration of his representation of [Appellant], never responded to any written correspondence … from [Appellant,] preventing meaningful communication to perfect the issues raised by [Appellant]." *Pro se* Response, 8/5/24, at 4 (unpaginated). In response to Appellant's claim of Attorney Shreve's ineffectiveness, the trial court appointed Attorney Brandy Hoke, Esquire, to represent Appellant.

Appellant thereafter filed a counseled, amended PCRA petition, arguing trial counsel rendered ineffective assistance by failing to challenge the trial court's discretion in imposing sentence. Amended PCRA Petition, 1/21/25, ¶¶ 31-39. Following procedural matters irrelevant to our disposition, the Commonwealth filed a "Stipulation to Reinstate [Appellant's] Direct Appeal Right[s] *Vis-à-vis* Discretionary Aspects of Sentencing." The stipulation represented that the parties "stipulate[] to reinstate [Appellant's] right to file a direct appeal containing his discretionary aspects of sentencing claim as raised in his post-sentence motion." Stipulation, 5/7/25, at 2 (unpaginated).

The PCRA court subsequently entered an order granting Appellant relief, as requested in his amended PCRA petition, indicating that Appellant "is permitted to file a notice of appeal *nunc pro tunc*[, within thirty days of the PCRA court's order,] solely to pursue on direct appeal the challenge to the discretionary aspects of sentencing that was preserved in the post-sentence motion filed on September 13, 2021." Order, 3/8/25.

- 7 -

Appellant filed a *nunc pro tunc* notice of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

Whether the trial court erred as a matter of law and/or abused its discretion in denying [Appellant's] request to reconsider and modify [his] sentence to account for the total weight of the cocaine rather than multiple deliveries of lower quantities of cocaine, which resulted in an excessive sentence?

Appellant's Brief at 4.

There is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Lawrence*, 313 A.3d 265, 286 (Pa. Super. 2024) ("Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." (citation and brackets omitted)). Rather, this Court applies a four-part test to determine:

(1) whether the appellant filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether the appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Bartic*, 303 A.3d 124, 134 (Pa. Super. 2023) (brackets and some citations omitted).

Instantly, Appellant filed a *nunc pro tunc* notice of appeal within thirty days of the PCRA court's March 8, 2025, order granting Appellant's amended PCRA petition. Further, Appellant preserved his challenge in a timely post-sentence motion, and included in his brief a Rule 2119(f) statement.

In his Rule 2119(f) statement, however, Appellant ostensibly abandons the sentencing manipulation argument raised in his September 13, 2021, post-sentence motion. Instead, Appellant merely claims the trial court imposed an excessive, consecutive sentence, because his crimes are similar in nature. Appellant's Brief at 10. Appellant argues that "the consecutive terms of incarceration … are excessive because[] the underlying facts for each count are so intertwined with the other that they constitute one event for sentencing purposes." *Id.* Appellant does not reference sentencing manipulation at all, let alone claim that the Commonwealth engaged in "outrageous [] conduct designed solely to increase [Appellant's] term of incarceration[,]" as necessary to support an allegation of sentencing manipulation. *Petzold*, 701 A.2d at 1366.

Accordingly, Appellant's bald claim of excessiveness, based upon the trial court's imposition of consecutive sentences, does not present a substantial question. *See Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) ("[E]xcessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review."); *Commonwealth v. Johnson*, 873 A.2d 704, 709 (Pa. Super. 2005) ("[T]he imposition of consecutive sentences following convictions for multiple criminal acts that arose out of one larger criminal transaction does not raise a substantial question, as a defendant is not entitled to a 'volume discount' for his crimes." (citation omitted)); *see also* Commonwealth Brief at 5-6 (arguing

"Appellant's claim that his sentences should have run concurrently instead of consecutively does not raise a substantial question." (citing **_Commonwealth v. Dodge_**, 77 A.3d 1263 (Pa. Super. 2013)). Accordingly, as Appellant failed to invoke this Court's jurisdiction, his appeal is dismissed.

Appeal dismissed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/10/2026