**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Aaron ADAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 2000.
Filed Sept. 12, 2000.

mine whether it is appropriate to enter a

consent decree."

34

Nicole J. Spring, Muncy, for appellant.

Thomas A. Marino, Asst. Dist. Atty., Williamsport, for Com., appellee.

BEFORE: ORIE MELVIN, J., CERCONE, President Judge Emeritus, and BECK, J.

ORIE MELVIN, J.:

¶ 1 Appellant, Aaron Adams, appeals from the judgment of sentence entered on August 17, 1999 in the Court of Common Pleas of Lycoming County, following his conviction of two counts of violation of the Controlled Substance, Drug, Device and Cosmetic Act and one count of Criminal Conspiracy.[1] On appeal, Adams alleges the trial court erred in applying the school enhancement provisions of the sentencing guidelines, and he alleges he was entrapped for sentencing purposes. He also claims the charges should be dismissed for the court's failure to sentence him within 60 days of his guilty plea. For the reasons that follow, we vacate the judgment of sentence and remand for re-sentencing consistent with this opinion.

¶ 2 The facts and procedural history may be summarized as follows. The charges stem from information received from a Confidential Informant (CI) indicating Aaron Adams and an individual named Tracey Walker were selling cocaine. During the course of this investigation, the Williamsport Police initiated three controlled buys.[2]

¶ 3 We glean from the affidavit of probable cause (Certified Record of the Trial Court Docket 98–11,653 at Exhibit 2) and the transcript of the March 4, 1999 Plea Hearing, the details of the three transactions. The first controlled buy occurred on July 6, 1998. At that time, the CI called Ms. Walker at her home. Adams answered the phone and arranged to deliver twenty-three green dime bags of cocaine to the CI. When he made the delivery, Adams indicated Ms. Walker was asleep, and he did not want to disturb her. The record is unclear as to where the delivery took place. The next day, on July 7, 1998, the CI attempted to call the Walker residence for another transaction but only got a message machine. He then called a pager number and left a message. Adams returned the call. He picked up the CI and drove him to 326 Bridge Street in Williamsport to get cocaine. He delivered five green bags of cocaine in exchange for $100. Finally, on August 13, 1998, the CI arranged a drug buy whereby Ms. Walker was to deliver $100 worth of cocaine. Police observed a car arrive at the CI's residence on Edwin Street and saw Ms. Walker enter. In that transaction, Ms. Walker sold eleven green dime bags of cocaine to the CI. When he tendered his plea, Adams admitted to being the driver that day. He also conceded the August 13th transaction and one of the July transactions took place within 1,000 feet of a school. Sentencing Transcript, 8/17/99, at 15.

¶ 4 Adams agreed to enter guilty pleas to the August 13th conspiracy charge filed at Information 98–11, 653 and the July 6th and 7th delivery charges filed at Information 98–11, 488 in exchange for dismissal of

---

1. 35 P.S. § 780–113(a)(30) and 18 Pa.C.S.A. § 903(a)(1), respectively.

2. A controlled buy refers to a type of drug investigation in which a CI is first searched to confirm he has no contraband on his person. He is then provided with prerecorded funds to make a buy and transported to a prearranged area for the transaction. Police maintain continuous surveillance and once the transaction is complete, they again search the CI and field-test the drugs he obtains from the target of the investigation.

all remaining charges and a concurrent sentence for the two delivery charges. There was no agreement as to whether the conspiracy charge would run concurrent or consecutive to the delivery charges. Nor was there an agreement to the length of any sentence imposed. In addition, there was some confusion as to whether the Commonwealth requested the Court apply a mandatory two-year sentence pursuant to 18 Pa.C.S.A. § 6317 or the school zone enhancement provision of the sentencing guidelines found in 204 Pa.Code §§ 303.9(c) and 303.10(b). A decision from the court was deferred pending a sentencing hearing to address these issues. At the close of the guilty plea proceedings, Adams agreed to schedule the sentencing hearing on June 7, 1999, the first available court date due to the trial court's overcrowded schedule.

¶ 5 On June 7, 1999, the sentencing hearing was postponed. According to the trial court, Assistant District Attorney Dinges, who negotiated the plea, was unavailable, and the Assistant District Attorney who appeared on his behalf was unfamiliar with the details of the plea agreement. Furthermore, the trial court felt a delay was necessary to permit the defense to argue against any school zone mandatory or enhancement provision the Commonwealth sought to enforce. Defense counsel had no objection, and sentencing was then rescheduled for July 27, 1999. On July 27, 1999, Assistant District Attorney Dinges was again unavailable, necessitating another delay according to the trial court. Sentencing finally took place on August 17, 1999. In calculating the applicable sentencing guidelines for the criminal conspiracy charge, the trial court considered the school enhancement provisions. The trial court sentenced Adams to an aggregate term of imprisonment of thirty (30) to sixty (60) months. In the meantime, on August 6, 1999, the defense filed a motion to dismiss citing a

violation of the Pennsylvania Rules of Criminal Procedure, Rule 1405(A). The trial court denied the motion in an opinion issued the day before sentence was imposed. This appeal follows.

¶ 6 Adams raises three issues for our consideration:

I. DID THE TRIAL COURT ERR BY APPLYING THE SCHOOL ENHANCEMENT TO DETERMINE THE PROPER SENTENCING RANGE OF THE SENTENCING GUIDELINES?

II. WAS THE DEFENDANT ENTRAPPED FOR SENTENCING PURPOSES?

III. DID THE TRIAL COURT ERR FOR FAILING TO DISMISS THE CHARGES WHEN THE DEFENDANT WAS NOT SENTENCED WITHIN 60 DAYS OF HIS GUILTY PLEA?

Appellant's Brief at 3.

¶ 7 We first address Adams' contention that his right to a prompt sentence and due process was violated because he was not sentenced within sixty days after he pled guilty on March 4, 1999 in violation of Pa.R.Crim.P. 1405.[3] Adams was sentenced on August 17, 1999. As a result of the delay he maintains he was prejudiced because his sentence and appeal were not heard in a timely fashion.

¶ 8 Former Pennsylvania Rule of Criminal Procedure 1405, governing the imposition of sentence, states in pertinent part:

A. **Time for Sentencing.**

(1) Except as provided by Rule 1403.B, sentence in a court case shall ordinarily be imposed within 60 days of conviction or the entry of a plea of guilty or nolo contendere.

(2) When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits

---

**3.** This Rule was amended on July 15, 1999, effective January 1, 2000, and now provides that a sentence is to be imposed within 90

days of conviction or the entry of a plea of guilty or *nolo contendere*.

set forth in this rule, the judge shall include in the record the specific time period for the extension.

. . .

Pa. R.Crim.P. 1405, 42 Pa.C.S.A. In *Commonwealth v. Anders*, 555 Pa. 467, 725 A.2d 170 (1999) our Supreme Court held that a defendant is entitled to discharge if he is sentenced more than 60 days after he is convicted or pleads either guilty or *nolo contendere,* the delay is not justified by good cause, and he can demonstrate that the delay in sentencing prejudiced him. Our Supreme Court noted if the trial court has complied with the dictates of Rule 1405 and has set forth on the record "good cause" for the delay in sentencing, the inquiry will end. *Id.* If, however, good cause is not established, the Court further noted it is necessary to look to whether the delay in sentencing prejudiced the defendant. *Id.* Good cause has been defined as follows:

> "Good cause" for Rule 1405(A) purposes must necessarily be determined on a case-by-case basis. We trust that our courts will take heed of the official comment to Rule 1405(A), which states that good cause extensions 'are intended to be the exception rather than the rule,' and that 'Paragraph A(2) is not intended to sanction pro forma requests for continuances. Rather it permits the judge to extend the time limit for sentencing under extraordinary circumstances only.' At the very least, we read this rule to require that the delay (1) arise from a specific, articulable cause which is (2) not attributable to the Commonwealth's own negligence or deliberate misconduct.

*Commonwealth v. Guffey,* 710 A.2d 1197, 1198 (Pa.Super.1998)(quoting *Commonwealth v. Anders,* 699 A.2d 1258, 1261–1262 n. 4. (Pa.Super.1997), vacated on other grounds by *Commonwealth v. Anders,* 555 Pa. 467, 725 A.2d 170 (1999)).

■ ¶ 9 In the matter before us, Adams concedes the trial court scheduled the orig-inal sentencing hearing outside the 60–day period after advising him of its overcrowded schedule and neither Adams nor his counsel objected, yet he ignores this fact and argues the issue as if it had not been waived. He also concedes the trial court continued the sentencing for specific periods of time; however, he contends the court failed to make a specific finding of good cause.

¶ 10 We first note the trial court found Adams agreed to the sentence not occurring within 60 days, and cited to a passage in the notes of testimony of the March 4, 1999 Plea Hearing to support this finding. Trial Court Opinion, 8/16/99, at 4. Accordingly, we find Adams waived Rule 1405 for the period until June 7, 1999. Furthermore, the June 7th sentencing was postponed because, according to the trial court, the assistant district attorney familiar with the terms of the plea arrangement was unavailable and the trial court felt that a delay was necessary to permit the defense to argue against any school zone mandatory or enhancement provision the Commonwealth sought to enforce. Again, the defense did not object. See Certified Record of Trial Docket 98–11,488 at Exhibit 7, Order, 6/7/99. It was rescheduled for July 27, 1999, when it was again postponed for the same reasons. Sentencing finally occurred on August 17, 1999. We place great weight on the fact Adams, through counsel, claimed no objection and specifically acquiesced March 4th, June 7th and July 27th to the delays in sentencing. Excluding these periods of time, we find Adams was sentenced well within sixty days. *Cf. Commonwealth v. Stilley,* 455 Pa.Super. 543, 689 A.2d 242 (1997) (where the prosecutor's involvement in another trial was excludable time in light of defense counsel's failure to object to the Commonwealth's request to continue the case, in the context of Rule 1100.)

■ ¶ 11 From the record, it appears the delay in sentencing Adams was occasioned by the confusion over the terms of

the plea agreement and defense counsel's request for a hearing as to whether Adams was entrapped into selling drugs in a school zone for the sole purpose of enhancing the penalty at sentencing. The trial court certainly could not sentence Adams without first holding a hearing on Adams' claim of entrapment. Moreover, the confusion over the plea agreement made its enforcement impossible until the terms were clear. Accordingly, we agree with the trial court the delay in sentencing was for good cause to permit Adams an opportunity to enforce the plea agreement and contest any application of the school enhancement provision of the sentencing code or the application of a mandatory sentence.

¶ 12 After our review of the record, we find that the trial court set forth good cause for sentencing Adams beyond the 60–day limit. Absent from the record is any indication of misconduct or negligence on the part of the Commonwealth. The Commonwealth did not neglect to appear for a sentencing hearing, but rather the assistant district attorney who did appear was unfamiliar with the terms of the plea agreement. We reject Adams' insinuation the Commonwealth was unprepared to prove the offenses happened in a school zone because defense counsel conceded during the sentencing hearing that two offenses qualified, but he wanted to raise the defense of entrapment. Moreover, the defense sought to challenge any enhancements or mandatory sentences which contributed to the delay. Such circumstances exemplify those "extraordinary circumstances" which the comments to Rule 1405 suggest should be present before sentencing can be extended beyond 60 days. Furthermore, we balance these delays against Adams' claim of prejudice.

¶ 13 Adams claims he was prejudiced at sentencing in that he had been in the county prison for nearly a year at the time he filed his motion to dismiss. However, he got credit for the time spent, and he did not spend anymore time incarcerated than he would have had the sentence been earlier. He claims the delay allowed the Commonwealth additional time to establish the school enhancement issue, yet, as noted above, he conceded two of the offenses occurred in a school zone during the sentencing hearing. Adams claims prejudice in that the delay allowed the Commonwealth time to provide adequate notice of intent to seek the mandatory for drug offenses in a school zone, yet the mandatory was not imposed. He also claims his right to appeal was violated in that he became ineligible for a Department of Correction's boot camp. However, he fails to explain the connection between his right to appeal and the ineligibility for such a program. Based on all of the above reasoning, we reject Adams' claim of prejudice and argument that the charges should be dismissed.

¶ 14 Finally, we turn to Adams' claims that the trial court erred in applying the school enhancement provision of the Pennsylvania Commission on Sentencing Guidelines. Here, his argument is two-fold. First he claims this provision does not apply to a conspiracy charge, and furthermore, he claims he was entrapped for sentencing purposes.

¶ 15 The school enhancement provisions under the sentencing guidelines found in 204 Pa.Code §§ 303.9(c) and 303.10(b) provide as follows:

§ 303.9 Guideline sentence recommendation: general.

. . .

(c) Youth/School Enhancement sentence recommendations. If the court determines that an offender violated the drug act pursuant to § 303.10(b), 12 months shall be added to the lower limit of the standard range of the applicable sentencing matrix and 36 months shall be added to the upper

limit of the standard range of the applicable sentencing matrix. . . .

204 Pa.Code § 303.9(c).

¶ 16 § 303.10 Guideline sentence recommendations: enhancements.

. . .

(b) Youth/School Enhancement

(1) When the court determines that the offender either distributed a controlled substance to a person or persons under the age of 18 in violation of 35 P.S. § 780–114, or manufactured, delivered or possessed with intent to deliver a controlled substance within 1000 feet of a public or private elementary or secondary school, the court shall consider the range of sentences described in § 303.9(c).

(2) The Youth/School Enhancement only applies to violations of 35 P.S. § 780–113(a)(14) and (a)(30).

(3) The Youth/School Enhancement shall apply to each violation which meets the criteria above.

204 Pa.Code § 303.10(b).

¶ 17 As noted above, the defense conceded that one of the drug sales in question occurred within 1,000 feet of a school but questions whether the enhancement provision can be applied to the crime of conspiracy, which is not enumerated in 204 Pa.Code § 303.10(b)(2).

 ¶ 18 We recognize Adams' claim challenges the discretionary aspects of sentencing. Sentencing is a matter vested in the sound discretion of the sentencing court whose judgment will not be disturbed on appeal absent an abuse of discretion. *Commonwealth v. Campion*, 449 Pa.Super. 9, 672 A.2d 1328, 1333, *appeal denied*, 545 Pa. 668, 681 A.2d 1340 (1996). It is well settled that an appellant does not have an appeal as of right from the discretionary aspects of his sentence. 42 Pa. C.S.A. § 9781(b); *Commonwealth v. Rovinski*, 704 A.2d 1068, 1075 (Pa.Su-

per.1997), *appeal denied*, 555 Pa. 707, 723 A.2d 1024 (1998). Before a challenge to the judgment of sentence will be heard on the merits, an appellant must demonstrate there is a substantial question that the sentence imposed is inappropriate under the sentencing guidelines. *Commonwealth v. Rodriquez*, 449 Pa.Super. 319, 673 A.2d 962, 968 (1996), *appeal denied*, 547 Pa. 754, 692 A.2d 565 (1997). To satisfy this requirement, an appellant must set forth in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 513, 522 A.2d 17 (1987). Adams has substantially complied by including a Rule 2119(f) statement in his brief. Appellant's Brief at 7. Moreover, we find his challenge to the trial court's application of the school enhancement provisions of the sentencing guidelines raises a substantial question under the sentencing code. *Commonwealth v. Davis*, 734 A.2d 879, (Pa.Super.1999).

 ¶ 19 In sentencing Adams, the trial court imposed concurrent nine (9) to eighteen (18) month sentences for each of the July delivery charges. It then imposed a consecutive twenty-one (21) to forty-two (42) month sentence for the August criminal conspiracy charge for a total aggregate sentence of thirty (30) to sixty (60) months. The trial court arrived at the twenty-one (21) to forty-two (42) month sentence by including the school zone enhancement provision cited above. Adams claims § 303.10(b) is silent as to whether the school enhancement provision applies to violations of 18 Pa.C.S.A. § 903. As a result, he claims the provision does not apply. We agree. The Pennsylvania Commission on Sentencing Guidelines provides the Youth School Enhancement is only applicable to convictions for 35 P.S. § 780–113(a)(14) and (a)(30). It does not apply to inchoate crimes. *See* Description following Guideline Text § 303.10(b) of Sentencing Guidelines Implementation Manual, 6/13/97, 5th Edition at 201. Ac-

cordingly, the trial court erred in considering the enhancement provision as it relates to criminal conspiracy, and we remand for re-sentencing so as not to upset the trial court's sentencing scheme.[4] *See Commonwealth v. Benchoff*, 700 A.2d 1289 (Pa.Super.1997) (holding remand is preferred if it is determined correction of the sentence may upset the sentencing scheme envisioned by the trial court.)

■ ¶ 20 Finally, Adams argues "sentencing entrapment." Because this issue may arise again following remand, we will address it here. In *Commonwealth v. Petzold*, 701 A.2d 1363 (Pa.Super.1997) we accepted the principles underlying a sentencing entrapment theory. We explained such governmental manipulation occurs when a defendant, although predisposed to committing a minor or lesser offense, is entrapped into committing a greater offense subject to greater punishment. *Id.* at 1365. We also found sentencing entrapment should apply equally to sentencing guidelines cases and mandatory sentencing cases. *Id.* at 1366. Finally we adopted the standard typically applied in such cases, which is the existence of "outrageous governmental conduct" or "extraordinary governmental misconduct" which is designed to and results in an increased sentence for the convicted defendant. *Id.*

> This standard presents a heavy burden for the defendant seeking a sentence reduction. Simply put, sentencing entrapment/manipulation is difficult to prove; it is not established "simply by showing that the idea originated with the government or that the conduct was encouraged by it, ... or that the crime was prolonged beyond the first criminal act ... or exceeded in degree or kind what the defendant had done before." (citation omitted.)

*Petzold* at 701 A.2d 1366–1367. Here, the record is devoid of outrageous behavior or extraordinary misconduct on the part of the police or the CI. The CI initiated three controlled buys targeting either Adams or Tracey Walker. The ease and promptness with which Adams facilitated the transaction contradicts his argument he was entrapped.

¶ 21 Adams claims he never would have sold drugs in a school zone had he been aware of the enhanced penalty. We view this argument as one of lack of intent. However, the Commonwealth need not show a defendant intended to conduct his drug trafficking in a drug-free zone around a school. *See Commonwealth v. Murphy*, 405 Pa.Super. 452, 592 A.2d 750, 755 (1991) (holding Commonwealth not required to prove for application of school enhancement that defendant intended to be within one thousand feet of a school).

¶ 22 Judgment of sentence vacated. Case remanded for re-sentencing consistent with this opinion. Jurisdiction relinquished.

---

4. The trial court apparently did not consider the school zone enhancement for either of the two delivery charges although defense counsel conceded one of these deliveries took place in a school zone.