**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Donald HARCLERODE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 8, 2001.

Filed Feb. 5, 2001.

Francis M. Socha, Harrisburg, for appellant.

Diana Woodside, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before MUSMANNO, ORIE MELVIN and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Donald Harclerode appeals from his February 22, 2000 judgment of sentence of seven and one-half (7 1/2) to sixty-two (62) years' imprisonment, followed by twenty (20) years' probation.[1] On August 27,

1. In their briefs, both appellant and the Commonwealth state appellant's judgment of sentence to be seven and one-half (7 1/2) to sixty (60) years' imprisonment, followed by twenty (20) years' probation. Review of the sentencing transcript, however, indicates that appellant, in fact, was sentenced to seven and one-half (7 1/2) to sixty-two (62) years' imprison-

1997, pursuant to a negotiated plea agreement, appellant pled guilty to rape (two counts),[2] involuntary deviate sexual intercourse,[3] indecent assault,[4] impersonating a public servant[5] and criminal conspiracy to commit rape.[6] These offenses stem from separate sexual assaults appellant committed against young women in 1996.

¶ 2 On August 29, 1997, pursuant to the plea agreement, appellant received an aggregate sentence of seven and one-half (7 1/2) years to life imprisonment. No direct appeal was filed. On June 18, 1999, appellant filed a petition pursuant to the Post Conviction Relief Act (PCRA)[7] and argued he was serving an illegal sentence. Upon review of the matter, the Commonwealth agreed with appellant's position and a resentencing hearing was conducted.[8]

¶ 3 Appellant raises the following issues for our review.

1. Did the trial court abuse its discretion by sentencing the appellant to ... seven and a half (7 1/2) to sixty[-two] (6[2]) years [of] imprisonment plus twenty (20) years of probation which in effect is a life sentence and therefore manifestly excessive in light of the underlying charges [?]

2. Is the appellant suffering from an illegal sentence since due to his age his new sentence is a life sentence which was found to be unconstitutional in *Commonwealth v. Williams*, [557] Pa. [285], 733 A.2d 593 (1999)[?]

(Appellant's brief at 10.)

 ¶ 4 "Appellate review of sentencing issues is prescribed by 42 Pa.C.S.

§ 9781, and is discretionary as to all aspects of sentencing except legality of the sentence." *Commonwealth v. Hernandez*, 755 A.2d 1, 12 (Pa.Super.2000) (citation omitted).

> Sentencing is a matter vested in the sound discretion of the sentencing court whose judgment will not be disturbed on appeal absent an abuse of discretion. It is well settled that an appellant does not have an appeal as of right from the discretionary aspects of his sentence. Before a challenge to the judgment of sentence will be heard on the merits, an appellant must demonstrate there is a substantial question that the sentence imposed is inappropriate under the sentencing guidelines. To satisfy this requirement, an appellant must set forth in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.

*Commonwealth v. Adams*, 760 A.2d 33, 39 (Pa.Super. 2000) (citations omitted). We note that appellant's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. *See* Appellant's brief at 5.

¶ 5 Appellant acknowledges "he was sentenced within the confines of the sentencing guidelines" and that the "sentence was not in excess of the lawful maximums" but contends that the sentence "inflict[s] too severe a punishment" and that the trial court "focused on the nature of the crimes and had a personal prejudice, bias and ill

---

ment, followed by twenty (20) years' probation.

**2.** 18 Pa.C.S.A. § 3121.

**3.** *Id.,* § 3123.

**4.** *Id.,* § 3126.

**5.** *Id.,* § 4912.

**6.** *Id.,* § 903.

**7.** 42 PA.C.S.A. §§ 9541–9546.

**8.** Appellant's life sentence was illegal by virtue of the Pennsylvania Supreme Court's decision in *Commonwealth v. Williams*, 557 Pa. 285, 733 A.2d 593 (1999). In *Williams*, the Court found the "sexually violent predator" provisions of the Registration of Sexual Offenders Act, 42 Pa.C.S.A. §§ 9791–9799.6, to be violative of the procedural due process guarantees of the Fourteenth Amendment of the U.S. Constitution.

will" toward him. *See* Appellant's brief at 15–16. Appellant's assertions, however, are unsupported by the record. Moreover, appellant fails to cite any portion of the record that even suggests the trial court focused upon impermissible factors or otherwise abused its discretion.

¶ 6 As a subpart of this issue, appellant complains that the trial court erred in imposing consecutive sentences, when his original plea agreement provided for concurrent sentences. This claim, however, is devoid of support in the record.

¶ 7 At the August 27, 1997 plea colloquy hearing, appellant was asked whether he understood that the "plea agreement called for a sentence of not less than seven and a half years nor more than life." (N.T., 8/27/97, at 7.) Appellant responded in the affirmative. Next, appellant was asked, "Have any other promises been made to you with regards to this plea and the sentence you might receive?" Appellant responded, "No." *Id.*

¶ 8 Moreover, the sentencing court expressly stated on the record that its objective in resentencing appellant was to maintain "the spirit and intent that was originally imposed by the [plea] agreement" (N.T., 2/22/00, at 9, 16). We have no reason to conclude the trial court misconstrued the intent of the original sentencing scheme devised by counsel and approved by the court, prior to the finding by our Supreme Court of the unconstitutionality of Megan's Law upon which the sentence was based. At the time of original sentencing, since appellant had agreed to sentencing as a sexual predator, the *mandatory maximum* sentence as to the predicate rape convictions was life in prison. The only bargaining power appellant had was to minimize the minimum sentence which could have been aggregated to 41 years if done consecutively. It is inconceivable, with the array of offenses and possible minimum and maximum aggregates available to the court, that a 7 ½ year minimum term of imprisonment would have been ordered as a concurrent aggregate if the life maximum was not implicated. It necessarily follows the bargained-for 7 ½ year minimum sentence cannot be used by appellant as a lever to compel a structured maximum sentence not to exceed 20 years when a maximum term of less than life in prison never was contemplated in the original sentence.

¶ 9 Based upon the sentencing court's clearly stated objective to sentence appellant in accordance with the terms of the plea agreement, we conclude if the plea agreement specifically had called for the imposition of concurrent sentences, the sentencing court would have again sentenced appellant to concurrent sentences. The fact that upon resentencing the sentencing court sentenced appellant to consecutive sentences indicates to this Court that imposition of concurrent sentences was not a part of the plea agreement. Moreover, where a defendant's illegal sentence is corrected at resentencing and neither the minimum nor maximum aggregate term of imprisonment is increased by virtue of the new sentence, there is no constitutional violation. *Commonwealth v. Kratzer*, 442 Pa.Super. 514, 660 A.2d 102 (1995), *appeal denied*, 543 Pa. 702, 670 A.2d 643 (1996).

¶ 10 Next, appellant argues that his sentence is illegal. He claims that the trial court was attempting to circumvent the holding in *Commonwealth v. Williams*, 557 Pa. 285, 733 A.2d 593 (1999), and that the practical effect of his sentence is a life sentence. (At the time he filed his appeal, appellant was 37 years old.) Upon review of the record, it is clear this argument is completely without merit.

¶ 11 Appellant pled guilty to four first-degree felonies, each carrying a maximum legal sentence of twenty (20) years. 18 Pa.C.S.A. § 1103. **Sentence of imprisonment for felony.** In addition, appellant pled guilty to two second-degree misdemeanors, each carrying a maximum legal sentence of two years. *Id.* at § 1104. **Sentence of imprisonment for misde-**

meanors. One of the misdemeanors merged for sentencing purposes. The maximum legal sentence applicable to appellant, therefore, is eighty-two (82) years. Accordingly, appellant's sentence of seven and one-half (7 1/2) to sixty-two (62) years' imprisonment, followed by twenty (20) years' probation is a legal sentence and in no manner runs contrary to the holding in *Williams, supra.*

¶ 12 Judgment of sentence affirmed.