J-S07023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS DANIEL MELENDEZ-DEJESUS | |
| Appellant | No. 1069 MDA 2015 |

Appeal from the PCRA Order June 11, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002554-2010

BEFORE:  BOWES, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                                    **FILED MAY 04, 2016**

Luis Daniel Melendez-Dejesus appeals the order entered on June 11, 2015, in the Court of Common Pleas of Lancaster County, that denied, after a hearing, his first petition filed pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  In this appeal, Melendez-Dejesus claims trial counsel was ineffective for failing to:  (1) request a specific instruction concerning the *crimen falsi* convictions of Commonwealth witness, Abraham Sanchez, (2) object to the delay in sentencing, which violated Pa.R.Crim.P. 704(A), (3) object to the admission of irrelevant and highly prejudicial "other crimes" evidence, and (4) argue at sentencing that the mandatory minimum sentence of not less than five years' incarceration

_____

[*] Former Justice specially assigned to the Superior Court.

could not be constitutionally imposed upon [Melendez-Dejesus]. Melendez-Dejesus also claims the court's imposition of a mandatory minimum sentence is illegal. Based upon the following, we find merit solely in the final sentencing claim raised herein, and therefore affirm in part, and reverse in part and remand for resentencing.

As the parties are well acquainted with the procedural and factual background of this case, which is fully set forth in the PCRA court's opinion, we do not restate it here. *See* PCRA Court Opinion, 6/11/2015, at 1–4. Therefore, we proceed directly to the issues raised in this PCRA appeal.

The legal principles that guide our review are well settled:

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Dennis***, 609 Pa. 442, 17 A.3d 297, 301 (Pa. 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. ***Id.***, at 305 (citations omitted). …

> To be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975-76 (Pa. 1987)). Counsel is presumed to have rendered effective assistance. ***Commonwealth v. Ali***, 608 Pa. 71, 10 A.3d 282, 291 (Pa. 2010). Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. ***Commonwealth v. Jones***, 590 Pa. 202, 912 A.2d 268, 278 (Pa. 2006). Finally, because a PCRA petitioner must establish all the

> *Pierce* prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis. *Ali*, at 291.

*Commonwealth v. Treiber*, 121 A.3d 435, 444–445 (Pa. 2015) (footnote omitted).

Melendez-Dejesus first argues that trial counsel was ineffective when he failed to object to and preserve for appellate review the trial court's failure to give a specific instruction concerning the *crimen falsi* convictions of Commonwealth witness Abraham Sanchez.

At trial, Sanchez testified that while working as a confidential informant he purchased cocaine from Melendez-Dejesus on two occasions and that while employed at a garage, he witnessed Melendez-Dejesus sell cocaine to his boss. *See* N.T., 5/10/2012, at 77, 80–89. Sanchez admitted he had a criminal history, including *crimen falsi* convictions for false identification to law enforcement, receiving stolen goods and two counts of forgery. *See id.* at 78–79.

At trial, the court instructed the jury regarding witnesses' credibility and gave additional instructions regarding the testimony of a witness. *See* N.T., 5/11/202, at 239–241. Melendez-Dejesus contends he was also entitled to an instruction consistent with Pennsylvania Suggested Standard Jury Instruction (Criminal) 4.08D based upon Sanchez's *crimen falsi*

convictions.[1]  With respect to the prejudice prong of the ineffectiveness test,

Melendez-Dejesus argues:

> Sanchez was the key Commonwealth witness at trial.  It was he who directly implicated [Melendez-Dejesus].  His credibility was of the utmost importance.  If the jury had received an appropriate instruction concerning the *crimen falsi* convictions there appears to be a reasonable probability that the verdict would have been different.
>
> In rejecting this claim the [PCRA] Court stressed the evidence presented by the Commonwealth and the other instructions given by the Court.  This reasoning cannot justify counsel's failure.  This was a search warrant.  While there may have been sufficient evidence to justify an inference of an intent to deliver it was the testimony of Sanchez which was the only direct evidence that [Melendez-Dejesus] sold drugs.

Brief of Melendez-Dejesus at 14–15.

The PCRA court rejected Melendez-Dejesus's argument, stating, in

part:

_____

[1] The Pennsylvania Suggested Standard Jury Instruction at issue states:

> 4.08D - IMPEACHMENT--PRIOR CONVICTION (WITNESS ONLY)
>
> 1. You have heard evidence that one of the witnesses, *[name of witness]*, has been convicted of the crime of *[crime]*.
>
> 2. The only purpose for which you may consider this evidence of prior conviction is in deciding whether or not to believe all or part of *[name of witness]*'s testimony. In doing so, you may consider the type of crime committed, how long ago it was committed, and how it may affect the likelihood that *[name of witness]* has testified truthfully in this case.

Pa.S.S.J.I. (Crim) 4.08D.

- 4 -

It is axiomatic that "[a] faulty jury charge will require the grant of a new trial only where the charge permitted a finding of guilt without requiring the Commonwealth to establish the critical elements of the crimes charged beyond a reasonable doubt." *Commonwealth v. Hansley*, 24 A.3d 410, 420 (Pa. Super. 2011) (quoting *Commonwealth v. Wayne*, 553 Pa. 614, 632-33, 720 A.2d 456, 465 (1998)). Further,

> [w]hen reviewing jury instructions for error, the charge must be read as a whole to determine whether it was fair or prejudicial. The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration.

*Commonwealth v. Sepulveda*, 618 Pa. 262, 317, 55 A.3d 1108, 1141 (2012). The Pennsylvania Supreme Court has determined, moreover, that additional jury instructions are not necessary, even if they would be helpful, as long as the jury instructions viewed as a whole are fair, accurate, and clearly and adequately express the law. *See Commonwealth v. Blount*, 538 Pa. 156, 174-75, 647 A.2d 199, 209 (1994) (trial counsel not ineffective when supplemental jury instructions were not requested, even though the defendant believed that additional explanation would have been beneficial to his case).

In reviewing the instructions given in this case, it is clear that they adequately, accurately and clearly presented the law to the jury. Moreover, they did not permit a finding of guilt without requiring the Commonwealth to establish the critical elements of the crime charged beyond a reasonable doubt. *See Hansley, supra*. Despite Sanchez's testimony regarding the two probable cause buys, [Melendez-Dejesus] was not charged with these two deliveries, but rather [Melendez-Dejesus] was charged with one count of possession with intent to deliver. The Commonwealth established all of the elements of this crime beyond a reasonable doubt.

Section 780-113(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act prohibits the following acts: "[T]he manufacture, delivery or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act. …" 35 [P.S.] § 780-113(a)(3). The Commonwealth establishes this offense of possession with intent

to deliver when it proves beyond a reasonable doubt that the defendant possessed a controlled substance with intent to deliver it. ***See Commonwealth v. Little***, 879 A.2d 293, 297 (Pa. Super. 2005) (*citing **Commonwealth v. Kirkland**, 831 A.2d 607, 61 (Pa. Super. 2003). …

In the instant case, during the execution of a search warrant, police officers discovered 12 grams of cocaine in [Melendez-Dejesus's] bedroom. This cocaine was packaged in two different ways: one Ziploc bag that contained 7.3 grams of cocaine; and a plastic bag that contained nine smaller, knotted plastic baggies, that each contained cocaine, amounting to a total of 4.7 grams. This cocaine was found in the two front pockets of a 4XL sweatshirt which was found in a bedroom closet containing only men's clothing.

The police also recovered from the bedroom [Melendez-Dejesus's] photo identification, and a Sentry safe key. Despite being unemployed, cash in the amount of $4,225.00, folded into $100 increments, was found in the Sentry safe in [Melendez-Dejesus's] bedroom. Detective Ondeck testified that, based on his training and experience as an undercover officer with the Lancaster County Drug Task Force, individuals selling controlled substances often keep their money in $100 increments. Noticeably absent from the residence was any drug paraphernalia for personal use.

Detective Jeremy Schroeder testified for the Commonwealth as a drug expert. Based on all of the evidence and testimony, it was Detective Schroeder's expert opinion that [Melendez-Dejesus's] possession of the cocaine was consistent with possession with intent to deliver rather than a mere possession for personal use. Thus, all of the evidence, along with the expert testimony of Detective Schroeder, established beyond a reasonable doubt that [Melendez-Dejesus] possessed the cocaine with the intent to deliver.

Even were there no reasonable strategic basis for failing to seek a supplemental jury instruction regarding the *crimen falsi* convictions of Sanchez, [Melendez-Dejesus] still fails to show resulting prejudice. He has not established that but for counsel's failure to request the instruction, the outcome of the proceedings would have been different. ***See Commonwealth v. Douglas***,

> 558 Pa. 412, 434, 737 A.2d 1188, 1200 (1999). [Melendez-Dejesus], therefore, is not entitled to relief on this allegation.

PCRA Court Opinion, 6/11/2015, at 10–13 (record citations omitted).

We agree with the sound reasoning of the PCRA judge. Based on our review, we conclude Melendez-Dejesus has failed to establish the prejudice prong of his claim that counsel was ineffective for failing to request a jury instruction regarding the *crimen falsi* convictions of Sanchez. Accordingly, we adopt the trial court's discussion as dispositive of Melendez-Dejesus's first claim of trial counsel ineffectiveness.

In his second claim, Melendez-Dejesus contends trial counsel was ineffective for failing to object to the delay in sentencing of Melendez-Dejesus which violated Pa.R.Crim.P. 704. That rule states, in pertinent part:

**(A) Time for Sentencing**.

(1) Except as provided by Rule 702(B), sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or *nolo contendere*.

(2) When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension.

Pa.R.Crim.P. 704(A)(1)-(2).

Here, Melendez-Dejesus was sentenced 90 days after the expiration of the 90-day period provided in Rule 704(A)(1). **See** PCRA Court Opinion, 6/11/2015, at 15 n.9.

In **Commonwealth v. Anders**, 725 A.2d 170, 173 (Pa. 1999), the Pennsylvania Supreme Court held that "a defendant who is sentenced in violation of Rule 1405 [now Pa.R.Crim.P. 704] is entitled to discharge only where the defendant can demonstrate that the delay in sentencing prejudiced him or her." The **Anders** Court also set forth factors that the trial court should consider in determining whether discharge is appropriate, including:

> (1) the length of the delay falling outside of Rule [704(A)(1)'s] [9]0-day-and-good-cause provisions, (2) the reason for the improper delay, (3) the defendant's timely or untimely assertion of his rights, and (4) any resulting prejudice to the interests protected by his speedy trial and due process rights. **Prejudice should not be presumed by the mere fact of an untimely sentence**. Our approach has always been to determine whether there has in fact been prejudice, rather than to presume that prejudice exists. The court should examine the totality of the circumstances, as no one factor is necessary, dispositive, or of sufficient importance to prove a violation.

**Id.** (citations and internal quotation marks omitted) (emphasis added).

The PCRA court found trial counsel's testimony at the PCRA hearing "confirmed that the delay in sentencing was due, in part, to (1) the difficulty locating [Melendez-Dejesus] within the SCI system due to the fact that he was listed under the name 'Danny' Melendez-Dejesus, as opposed to Luis, and (2) his inadvertent transfers within the SCI system." PCRA Court

Opinion, 6/11/2015, at 17. The PCRA court further opined that Melendez-Dejesus had suffered no actual prejudice:

> [Melendez-Dejesus] clearly suffered no actual prejudice in this case as he received credit for the time he was incarcerated, and did not spend more time incarcerated than if he had been sentenced within 90 days of conviction. **See Commonwealth v. Still**, 783 A.2d 829 (Pa. Super. 2001) (where defendant received credit for time served and failed to show prejudice, eight month delay in sentencing did not require dismissal of charges); **Commonwealth v. Adams**, 760 A.2d 33 (Pa. Super. 2000) (prejudice claim rejected for defendant in jail for nearly a year without being sentenced, where he received credit for time in jail and did not spend more time incarcerated received credit for time in jail and did not spend more time incarcerated than he would have had he been sentenced earlier). *See also* [**Commonwealth v.] Diaz**, [51 A.3d 884, 887 (Pa. Super. 2012)] (delay of 278 days between conviction and sentence, although significant, was not result of intentional or inexcusable conduct on the part of the trial court or Commonwealth, and was not without good cause, so as to warrant discharge); **Commonwealth v. McLean**, 869 A.2d 537, 540 (Pa. Super. 2005) (delay of seven months from entry of verdict to sentencing did not prejudice defendant); **Commonwealth v. Dupre**, 866 A.2d 1089 (Pa. Super. 2005) (defendant not entitled to discharge, despite fact that she was not sentenced within 90 days of conviction, where she failed to allege prejudice from the delay).

*Id.* at 17–18.

Our review finds the PCRA court has properly analyzed the facts of this case in light of Rule 704(A) and relevant case law. Accordingly, because Melendez-Dejesus suffered no actual prejudice, his ineffectiveness claim presents no basis upon which to grant relief.

In his third claim, Melendez-Dejesus argues trial counsel was ineffective in failing to object to irrelevant and highly prejudicial "other

crimes" evidence. *See* Pa.R.E. 404(b)(1).[2] Specifically, Melendez-Dejesus points to the following exchange that occurred during direct examination of Commonwealth witness, Abraham Sanchez, during which Sanchez referred to prior criminal activity by Melendez-Dejesus with no objection by trial counsel:

Q: And what can you tell us about Danny?

A: I met Danny when I worked at a garage on Old Dorwart Street here in the City of Lancaster. My boss at the garage used to buy cocaine off of him, and that's how I met Danny.

N.T., 5/10/2012, at 80.

The PCRA court found that counsel's explanation for his failure to object — "the bell had already been rung" and he "didn't feel like it was going to gain [him] anything other than to highlight bad testimony" — was a tactical decision on the part of trial counsel that had a "reasonable, strategic basis." PCRA Court Opinion, 6/11/2015, at 19–20, *citing* N.T., 11/14/2014, at 13.[3] The PCRA court concluded Melendez-Dejesus had failed to prove the

---

[2] Pennsylvania Rule of Evidence 404(b)(1) provides: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

[3] At the PCRA hearing, trial counsel testified explained why he did not object to Sanchez's testimony, as follows:

A. I would say that I didn't – I mean, the bell had already been rung. I didn't feel like it was going to gain me anything other than possibly to highlight bad testimony.

*(Footnote Continued Next Page)*

- 10 -

second prong of the ineffectiveness test, namely, that counsel's actions lacked a reasonable basis. *Id.* at 20.

In reviewing this claim, we are guided by the following principles:

[A] review of matters involving trial strategy is deferential. Trial counsel will be deemed to have acted reasonably if the course chosen by trial counsel had some reasonable basis designed to effectuate his client's interests. Moreover, a claim of ineffectiveness will not succeed by comparing, in hindsight, the trial strategy trial counsel actually employed with the alternatives foregone. Finally, [a]lthough we do not disregard completely the reasonableness of other alternatives available to counsel, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

*Commonwealth v. Miller*, 987 A.2d 638, 653 (Pa. 2009) (citations and quotation marks omitted). Furthermore,

[c]ounsel are not constitutionally required to forward any and all possible objections at trial, and the decision of when to interrupt oftentimes is a function of overall defense strategy being brought to bear upon issues which arise unexpectedly at trial and require split-second decision-making by counsel. Under some circumstances, trial counsel may forego objecting to an objectionable remark or seeking a cautionary instruction on a particular point because[o]bjections sometimes highlight the issue for the jury, and curative instructions always do.

*Commonwealth v. Koehler*, 36 A.3d 121, 146 (Pa. 2012) (citations and quotation marks omitted)).

*(Footnote Continued)* _____

I see what you're getting at. I mean, and it was damaging, I just didn't know that our interests were going to be served by drawing further attention to it.

N.T., 11/14/2014, at 13.

- 11 -

We find no error in the PCRA court's decision to credit trial counsel's explanation. Trial counsel's decision not to highlight Sanchez's testimony by objecting and requesting a cautionary instruction constituted a reasonable trial strategy. *See Koehler, supra*.

Furthermore, we find the PCRA court's decision to reject this ineffectiveness claim is correct because Melendez-Dejesus cannot demonstrate any resulting prejudice from counsel's decision. Melendez-Dejesus claims he suffered prejudice because by failing to object "counsel effectively waived any right [Melendez-Dejesus] had to the presumption of innocence." Melendez-Dejesus's Brief at 19. We disagree. The Commonwealth presented ample evidence that supports the jury's verdict finding Melendez-Dejesus guilty of PWID.

At trial, Sanchez testified that he made two controlled buys of cocaine from Melendez-Dejesus at Melendez-Dejesus's residence. N.T., 5/10/2012, at 81–89. In addition, Detective Peter Ondeck testified regarding the controlled buys he set up with Sanchez in this case, his method to ascertain Melendez-Dejesus's residence, and his surveillance of the residence preliminary to his application for a search warrant, as well as the cocaine and money recovered upon execution of the search warrant. *Id.* at 125–165. Detective Jason Scott also testified regarding the cocaine recovered during the execution of the search warrant. *Id.* at 108–116. In light of this evidence, trial counsel's failure to object cannot be said to have affected the

outcome of the trial. Accordingly, Melendez-Dejesus's claim that counsel was ineffective in failing to object to Sanchez's testimony regarding Melendez-Dejesus's prior criminal activity warrants no relief.

In his fourth issue, Melendez-Dejesus contends trial counsel was ineffective in failing to litigate and preserve for appellate review the issue that his mandatory minimum sentence of five years' incarceration could not be constitutionally imposed upon him. In his fifth claim, Melendez-Dejesus contends the imposition of a five-year mandatory minimum sentence was illegal and must be vacated. In making these arguments, Melendez-Dejesus points to the United States Supreme Court decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013). Because we find merit in Melendez-Dejesus's fifth issue, we need not address the ineffective claim raised in his fourth issue.

Here, on November 9, 2012, Melendez-Dejesus received a mandatory sentence of five to 10 years' incarceration plus a $30,000.00 fine, pursuant to 18 Pa.C.S. § 7508 ("Drug trafficking sentencing and penalties."). No post-sentence motions were filed. Melendez-Dejesus filed a timely appeal on December 7, 2012. This Court affirmed the judgment of sentence on September 9, 2013. **See Commonwealth v. Melendez-Dejesus**, 87 A.3d 376 (Pa. Super. 2013) (unpublished memorandum). On April 1, 2014, the Pennsylvania Supreme Court denied allowance of appeal. **Commonwealth v. Melendez-Dejesus**, 89 A.3d 661 (Pa. 2014).

While Melendez-Dejesus's appeal was pending in this Court, the United States Supreme Court decided **Alleyne, supra**, on June 17, 2013. In **Alleyne**, the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S. Ct. at 2155. Applying this mandate, this Court, in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), concluded that **Alleyne** rendered the mandatory minimum sentencing provision at 42 Pa.C.S. § 9712.1 unconstitutional and found the unconstitutional provisions of section 9712.1 were not severable from the statute as a whole.[4] The **Newman** Court also instructed that **Alleyne** applies to any criminal case still pending on direct appeal as of June 27, 2013, the date of the **Alleyne** decision. **Newman**, 99 A.3d at 90. In light of **Alleyne** and **Newman**, a panel of this Court, in **Commonwealth v. Cardwell**, 105 A.3d 748 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015), addressed a direct appeal sentencing challenge to section 7508 and held section 7508 to be facially unconstitutional in its entirety. **Cardwell**, 105 A.3d at 754–755.

In this case, Melendez-Dejesus's case was pending on direct review when **Alleyne** was decided. Therefore, as recognized by the

---

[4] **See also Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) (holding 18 Pa.C.S. § 6317 is unconstitutional and non-severable).

Commonwealth,[5] **_Alleyne_** is applicable. **_See Newman, supra_**. Furthermore, this Court has held, in the context of timely collateral review, that **_Alleyne_** invalidated a mandatory minimum sentence when petitioner's judgment of sentence was pending on direct review at the time **_Alleyne_** was decided. **_See Commonwealth v. Ruiz_**, ___ A.3d ___, [2015 PA Super 275] (Pa. Super. 2015). Accordingly, based on the foregoing case law, we conclude Melendez-Dejesus's sentence is unconstitutional and must be vacated.

In sum, the ineffectiveness claims presented in this appeal provide no basis upon which to grant relief, and the order of the PCRA court is affirmed as to those claims. We reverse only with respect to the PCRA's denial of relief on Melendez-Dejesus's sentencing claim, vacate the judgment of sentence, and remand for a new sentencing hearing.

Order affirmed in part, reversed in part. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

---

[5] **_See_** Commonwealth Brief at 20–21.

Bowes, J., joins in this decision.

Fitzgerald, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2016