J-S31019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JEROYD P. CONYERS, | : | |
| Appellant | : | No. 1165 WDA 2016 |

Appeal from the Judgment of Sentence July 15, 2016
In the Court of Common Pleas of Butler County
Criminal Division at No(s):  CP-10-CR-0000683-2013,
CP-10-CR-0000684-2013, CP-10-CR-0000685-2013,
CP-10-CR-0000686-2013, CP-10-CR-0001004-2013

BEFORE: PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                          **FILED JUNE 15, 2017**

Appellant, Jeroyd P. Conyers, appeals from the July 15, 2016 Judgment of Sentence.[1]   As explained *infra*, we remand this case for the PCRA court to conduct a hearing in accordance with ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), and Pa.R.Crim.P. 121.[2]

_____

[1] Appellant purports to appeal from the July 15, 2016 PCRA Order.  The PCRA court granted Appellant's PCRA Petition on May 19, 2016.  The PCRA court then resentenced Appellant on July 15, 2016.  Appellant's *pro se* Brief challenges his new Judgment of Sentence in the form of a direct appeal rather than an appeal from the PCRA Order.  We have changed the caption accordingly.

[2] We raise the issue of the need for a ***Grazier*** hearing and a Pa.R.Crim.P. 121 colloquy *sua sponte*.  ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011).

On October 11, 2013, Appellant entered open guilty pleas to five counts of Possession of a Controlled Substance with Intent to Deliver ("PWID")[3] and one violation of the Uniform Firearms Act[4] on five different dockets. On December 17, 2013, the trial court sentenced Appellant to an aggregate term of 12 to 24 years' incarceration. Appellant did not appeal.

Appellant filed his first PCRA Petition *pro se* on May 27, 2014.[5] The PCRA court appointed counsel on June 9, 2014. Counsel filed a **Turner/Finley** Letter and Petition to Withdraw.[6] The PCRA court permitted counsel to withdraw on January 21, 2015, before it dismissed the May 27, 2014 PCRA Petition on February 13, 2015, without a hearing.

Appellant appealed *pro se*, but this Court dismissed the appeal for failure to file a brief. **See Commonwealth v. Conyers**, No. 399 WDA 2015 (Pa. Super. filed July 6, 2015).

On August 24, 2015, after this Court dismissed the appeal from the denial of Appellant's first PCRA Petition, the PCRA court re-appointed Matthew J. Kalina, Esq., to represent Appellant for PCRA purposes after

---

[3] 35 P.S. § 780-113(a)(30).

[4] 18 Pa.C.S. § 6105.

[5] Appellant also filed a *pro se* PCRA Petition on November 13, 2014, and again on February 9, 2015.

[6] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

determining Appellant's PCRA Petition filed *pro se* on February 9, 2015, would be treated as an Amendment to his first PCRA Petition. On October 1, 2015, Appellant filed another *pro se* PCRA Petition, which Attorney Kalina later amended on March 23, 2016, challenging the legality of his mandatory minimum sentences pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013).

By agreement, the PCRA court granted Appellant's PCRA Petition on May 19, 2016. On July 15, 2016, following the resentencing hearing, the trial court altered its sentences imposed on three counts in three of different cases, which resulted in an aggregate sentence of 11½ to 24 years' incarceration.

Notwithstanding his representation by counsel, Appellant filed a *pro se* Notice of Appeal on August 8, 2016. Curiously, even though Attorney Kalina was still counsel of record, the trial court did not forward Appellant's *pro se* Notice of Appeal to Attorney Kalina. **See** 210 Pa. Code § 65.24 ("Hybrid Representation"). Although the trial court properly docketed the Notice of Appeal in accordance with 210 Pa. Code § 65.24, the trial court failed to forward this *pro se* filing to counsel.

On August 17, 2016, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement of Errors, but did not serve Appellant's counsel of record. Instead, the court served the Order on Appellant *pro se*. On August 25, 2016, Appellant complied with the trial court's order and filed a

*pro se* Pa.R.A.P. 1925(b) Statement of Errors challenging the legality of his new sentence. On November 4, 2016, the trial court filed a responsive Pa.R.A.P. 1925(a) Opinion. The court failed to forward Appellant's Rule 1925(b) Statement and the court's 1925(a) Opinion to counsel. **See Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) (holding that generally "the proper response to any pro se pleading is to refer the pleading to counsel[.]").

A timely appeal from a resentencing determination is a direct appeal for which a criminal appellant has a constitutional right to counsel. **See Commonwealth v. Figueroa**, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011) ("defendants in Pennsylvania are constitutionally entitled to counsel during a direct appeal."); **see also Commonwealth v. Harclerode**, 768 A.2d 1132 (Pa. Super. 2001) (entertaining timely direct appeal of new judgment of sentence imposed after resentencing hearing following grant of PCRA relief based on illegal life sentence).

Our review of the certified record shows that Attorney Kalina remains court-appointed in the instant matters, as he has not withdrawn or attempted to withdraw in the trial court or in this Court by complying with the dictates of **Turner/Finley** or **Anders/Santiago**.[7] **See also** Pa.R.Crim.P. 122(B)(2) ("When counsel is appointed . . . the appointment

---

[7] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

- 4 -

shall be effective until final judgment, including any proceedings upon direct appeal.").

"When a waiver of the right to counsel is sought at the . . . appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." **Grazier**, 713 A.2d at 82.

Although there are indications in the certified record that Appellant may desire to proceed *pro se*,[8] the rules of criminal procedure and our case law nevertheless require a full colloquy prior to allowing an appellant to proceed *pro se* if counsel of record has not sought to withdraw. **See** Pa.R.Crim.P. 121(A); **Grazier, supra**.

Because the resentencing court did not conduct a **Grazier** hearing prior to Appellant proceeding *pro se* on appeal, we must remand to the trial court for a **Grazier** hearing. The trial court is to conduct a **Grazier** hearing within thirty days.

If Attorney Kalina remains as counsel of record, or if new counsel enters his or her appearance after a determination that Attorney Kalina has abandoned Appellant, then we direct our Prothonotary to set a new briefing schedule. The trial court shall also permit Attorney Kalina or newly appointed counsel to file a new Pa.R.A.P. 1925(b) Statement of Errors, and shall then submit a responsive Pa.R.A.P. 1925(a) Opinion.

---

[8] For example, Appellant has filed a *pro se* Brief without the assistance of counsel, and the docket entries indicate Appellant is proceeding *pro se*.

In the event Appellant proceeds *pro se*, the trial court is directed to file a new Pa.R.A.P. 1925(a) Opinion.[9]

If Appellant wishes to proceed *pro se*, then no new briefing schedule is required.

Case remanded with instructions.  Panel jurisdiction retained.

---

[9] The trial court's November 7, 2016 Orders conclude that Appellant's appeal pertained solely to docket No. CP-10-CR-0000683-2013 so it would "take no action with regard" to the other four cases.  Contrary to the trial court's conclusion, our review of the certified record and Appellant's Notice of Appeal plainly shows that Appellant appealed from all five cases, and the docket entry for Appellant's Notice of Appeal clearly identifies all five cases. Notice of Appeal, filed 8/10/16.  Accordingly, the trial court shall review the new sentences imposed on each case in its new 1925(a) Opinion in response to Appellant's sentencing challenge.