J-S39037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY MORALES-CASTRO | : | |
| | : | |
| Appellant | : | No. 2134 EDA 2019 |

Appeal from the PCRA Order Entered June 20, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002781-2012,
CP-39-CR-0005565-2012

BEFORE:   LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED AUGUST 28, 2020**

Anthony Morales-Castro (Morales-Castro) appeals from the order denying his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in the Court of Common Pleas of Lehigh County (PCRA court) in these consolidated cases.[1]  Appointed counsel has petitioned

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] On March 31, 2020, we issued an order directing Morales-Castro to show cause why his appeal should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), because his notice of appeal contained both docket numbers.  **See Walker**, **supra** at 971 (Holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case.").  However, our further review confirms that the single notice of appeal was filed at both docket numbers in the trial court.  (**See** Docket Sheet, Case No. 2781-2012, at 32; Docket Sheet, Case No. 5565-2012, at 30).  Therefore, Morales-Castro complied with **Walker's** mandate.

to withdraw. After a thorough review, we grant counsel's petition and affirm the court's order.

**I.**

We take the following factual background and procedural history from our independent review of the certified record and the PCRA court's March 23, 2019 opinion. On May 1, 2013, Morales-Castro was convicted at case number 2781-2012 of Possession with Intent to Deliver a Controlled Substance (PWID), Possession of a Controlled Substance and Possession of Drug Paraphernalia[2] related to the execution of a search warrant at his residence on May 21, 2012, which revealed a kilogram of cocaine located in plain view in a pellet stove and bedroom closet. He was also convicted of Delivery of a Controlled Substance, PWID, Possession of a Controlled Substance and Criminal Use of a Communication Facility[3] at case number 5565-2012 because of the April 27, 2012 controlled delivery of approximately 100 grams of cocaine to a confidential informant, Oscar York. At the time of the incident, Morales-Castro was utilizing a green Chevy Tahoe. Pursuant to a search warrant, the officers found the drugs in a hydraulic trap hidden within the vehicle.

---

[2] 35 P.S. §§ 780-113(a)(30), (16) and (32), respectively.

[3] 35 P.S. §§ 780-113(a)(30), (30), and (16) and 18 Pa.C.S. § 7512(a).

The trial court sentenced Morales-Castro on May 30, 2013, at case number 2781-2012 to an aggregate term of not less than seven nor more than ten years' incarceration, and sentenced him at case number 5565-2012 to a similar aggregate term of not less than seven nor more than ten years' incarceration to be served consecutively to the sentence imposed at 2781-2012.  On June 30, 2013, the trial court denied his post-sentence motions in which he moved for arrest of judgment, judgment of acquittal, new trial and modification of sentence, as well as challenges to the sufficiency and weight of the evidence.

On appeal, Morales-Castro raised eight issues challenging the legality of his sentence and alleging trial court error.  Specifically, he claimed (1) the trial court erred in failing to suppress evidence seized from his home; (2) the trial court erred in failing to suppress cocaine obtained during the controlled buy; (3) the trial court erred in providing the jury with a transcript of a recording obtained in his home; (4) the trial court improperly joined his two cases; (5) the trial court erred in imposing an illegal mandatory minimum sentence; (6) the trial court abused its discretion in considering certain non-record evidence in imposing consecutive sentences; (7) the trial judge should have recused herself; and (8) the trial court erred in raising his bail.  (**See Commonwealth v. Morales-Castro**, 2015 WL 7573385, unpublished memorandum, at *3-4 (Pa. Super. filed Feb. 17, 2015)).  We vacated and remanded for re-sentencing based on illegality of sentence, deemed the

- 3 -

discretionary aspects of sentence challenge moot, and affirmed the trial court on all of Morales-Castro's remaining claims. (*See id.* at \*15).

On May 11, 2015, the trial court resentenced Morales-Castro to an aggregate term of incarceration of not less than five nor more than ten years' incarceration at case number 2781-2012, with a consecutive term of not less than five nor more than ten years' incarceration at case number 5565-2012. Morales-Castro filed timely post-sentence motions that the court denied on June 2, 2015. On appeal, we considered Morales-Castro's claims that (1) the sentence of not less than five nor more than ten years for the sale of 100 mg. or less of cocaine was illegal; and (2) the trial court abused its discretion in considering non-record materials when imposing consecutive sentences and concluded that they lacked merit.[4] On June 22, 2016, we affirmed the judgment of sentence and the our Supreme Court denied allowance of appeal on December 5, 2016. (*See Commonwealth v. Morales-Castro*, 153 A.3d 1115 (Pa. Super. filed June 22, 2016) (unpublished memorandum), *appeal denied*, 163 A.3d 400 (Pa. 2016)).

---

[4] Morales-Castro raised seven issues in his direct appeal after re-sentencing. However, they included issues one through four and seven from his first direct appeal, which we declined to address again. (*See Commonwealth v. Morales-Castro*, 2016 WL 4708731, unpublished memorandum, at \*\*2-3 (Pa. Super. filed June 22, 2016)).

On December 6, 2017, Morales-Castro filed a timely first PCRA petition *pro se*.[5] Appointed counsel filed a ***Turner***/***Finley***[6] "no-merit" letter, and after a June 28, 2018 hearing, the trial court allowed counsel to withdraw. At that time, Morales-Castro indicated his desire to proceed with the petition and he retained private counsel. After a hearing, the PCRA court denied the petition on its merits on June 20, 2019. Morales-Castro timely[7] appealed *pro se*. On October 30, 2019, the court appointed counsel to represent Appellant in this PCRA appeal. Both he and the court complied with Rule 1925. ***See*** Pa.R.A.P. 1925. Counsel filed a petition to withdraw on January 3, 2020.

---

[5] Although the *pro se* PCRA petition was docketed one day beyond the December 5, 2017 deadline, it was dated November 29, 2017. Therefore, it was timely pursuant to the Prisoner Mailbox Rule. ***See Commonwealth v. DiClaudio***, 210 A.3d 1070, 1074 (Pa. Super. 2019) ("The prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.") (citation and brackets omitted).

[6] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

[7] Like the *pro se* PCRA petition, the *pro se* notice of appeal was docketed one day beyond the deadline. Although retained PCRA counsel had not yet withdrawn his appearance, he denied Morales-Castro assistance in pursuing his appellate rights, effectively abandoning him. (***See*** Response to Rule to Show Cause, 4/23/20). Under these unique circumstances, because the notice was dated July 16, 2019, a few days prior to the time limit, we will deem it timely filed pursuant to the Prisoner Mailbox Rule. ***See DiClaudio***, ***supra*** at 1074.

**II.**

As a preliminary matter, we must address whether counsel has met the requirements of ***Turner***/***Finley***, which requires him to conduct an independent review of the record before a court can authorize his withdrawal. Appointed PCRA counsel must file a no-merit letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. ***See Commonwealth v. Freeland***, 106 A.3d 768, 774 (Pa. Super. 2014). Counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw, along with a statement that if the court granted counsel's withdrawal request, the client may proceed either *pro se* or with a privately retained attorney. ***See id.*** We must conduct our own independent evaluation of the record and agree with counsel that the petition is meritless.

From our review, we find that counsel has substantially complied with the requirements of ***Turner***/***Finley*** and their progeny, detailing his review of the record and his conclusion that Morales-Castro's claims are meritless. Counsel also notified Morales-Castro and provided him with a copy of his no-merit letter, advising him of his right to proceed *pro se* or to retain private counsel. Accordingly, we will grant counsel's petition to withdraw.

Next, we proceed to our independent review of Morales-Castro's claims.

**A.**

Morales-Castro raised four issues in his Rule 1925(b) Statement:

(1) Did the lower court commit an error of law in its decision that the plain view doctrine justifies police seizure of evidence not found in plain view after search went beyond the four (4) corners of the search authorization[?]

(2) Does petitioner's sentence qualify under the "Sentence Entrapment Doctrine" when the [C]ommonwealth prosecuted under separate criminal complaints for a single criminal episode in order to impose a harsher penalty[?]

(3) Did the prosecutor have a mandatory duty to disclose its information about the two other prosecution(s) by the D.E.A. using the very same vehicle under due process[?]

(4) Did the court err[] in its decision that counsel was not ineffective when his adequacy of representation did fall below the objective standards of the 6th amendment at critical stages as the governments adversary[?]

(Rule 1925(b) Statement, 8/27/19 at 1).

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that he has been convicted of a crime and that his conviction resulted in one or more of the enumerated circumstances identified in Section 9543 of the PCRA:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

**B.**

A petitioner must also prove by a preponderance of the evidence that his claims have not been previously litigated or waived. *See* 42 Pa.C.S. § 9543(a)(3). Section 9544 of the PCRA provides, in pertinent part, that an issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[,] and it has been waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(a)(2), (b).

It is well-settled that allegations of trial court error are waived at the collateral review stage because they could have been raised on direct appeal. *See* 42 Pa.C.S. §§ 9543(a)(3), 9544(a)(2), (b); ***Commonwealth v. Rush***, 838 A.2d 651, 660 (Pa. 2003). Put another way, where a defendant could have raised claims of trial error in his direct appeal but failed to do so, they

are waived for the purpose of PCRA review and can afford a defendant no basis for relief. ***See Commonwealth v. Ford***, 809 A.2d 325, 329 (Pa. 2002), *cert. denied*, 540 U.S. 1150 (2004) (finding constitutional claims and allegations of trial court error waived where not raised on direct appeal).

Here, Morales-Castro's first three issues are either waived or previously litigated.

**1.**

In his first issue, he challenges the PCRA court's application of the plain view doctrine[8] to certain evidence seized from his home because the search went beyond the four corners of the search warrant. (***See*** Rule 1925(b) Statement, at Paragraph 1). However, he challenged the search and seizure of evidence on five different bases in his direct appeal of his original judgment of sentence.[9] In pertinent part, a panel of this Court found that his arguments that the trial court erred when it denied his motion to suppress the cocaine

---

[8] "[T]he plain view doctrine provides that evidence in plain view of the police can be seized without a warrant[.]" ***Commonwealth v. Bumbarger***, ___ A.3d ___, 2020 WL 1242438, at *7 (Pa. Super. filed March 16, 2020) (citations omitted).

[9] He argued: (1) his stop and detention was unlawful because the police lacked jurisdiction; (2) there was no basis for the vehicle stop other than suspected drug activity; (3) unlawful detention; (4) police entered and searched his home without a valid warrant; and (5) the evidence to support the search warrant of his home was insufficient and stale. The Court found Morales-Castro failed to preserve issues one, two and five for appellate review and that the remaining two issues lacked merit.

seized during the search of his home on the bases that it was seized while he was unlawfully obtained and before obtaining a valid warrant lacked merit. (**See Commonwealth v. Morales-Castro**, 2015 WL 7573385, at *7). Therefore, the validity of the search and seizure was previously litigated, and even if the issue were not previously litigated, the claim of trial court error would be waived and cannot form the basis for PCRA relief.

Moreover, although the PCRA court used the term "plain view doctrine," it did so only in noting that the doctrine authorizes an officer to seize an object without a warrant. However, here, the officers did have a warrant to search the home and the plain view doctrine is not applicable nor, as discussed *infra*, was it necessary for the seizure of the cocaine.

**2.**

In his second issue, Morales-Castro maintains that the Commonwealth prosecuted under separate criminal complaints for a single criminal episode in order to impose a harsher penalty, thus resulting in an illegal sentence and qualifying him for application of the "Sentence Entrapment Doctrine."[10] (**See**

_____

[10] Sentence Entrapment "occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." **Commonwealth v. Petzold**, 701 A.2d 1363, 1365 (Pa. Super. 2014) (citation and internal quotation marks omitted). It requires "extraordinary misconduct by the government" and is not a defense, but merely allows for a downward deviation from the Sentencing Guidelines. **Id.** Here, the record does not reflect any "extraordinary misconduct" by the government. Therefore, the Sentencing Entrapment Doctrine would not apply.

- 10 -

Rule 1925(b) Statement, at Paragraph 2). However, Morales-Castro challenged the legality of his aggregate sentence of not less than ten nor more than twenty years in his direct appeal, and this Court concluded that it lacked merit and affirmed the judgment of sentence. Therefore, the legality of his sentence was previously litigated and any new theory is waived.

**3.**

In his third issue, Morales-Castro claims that the Commonwealth had a mandatory duty to disclose information about two other prosecutions by the D.E.A. involving the same vehicle that Morales-Castro was driving at the time of his delivery of cocaine. Any challenges to the Commonwealth's actions at trial are not properly before this Court and should have been raised on direct appeal. Hence, he has waived this issue for our review.[11]

Therefore, for all of these reasons, Morales-Castro's first three issues are either previously litigated or waived and they cannot form the basis for

---

[11] Moreover, our review of the record confirms Detective Jeffrey Taylor testified about the Chevy Tahoe used by Morales-Castro in which the controlled buy occurred. (*See id.* at 193-95). Detective Taylor received information from another agency that the vehicle had been used in prior drug trafficking because of the hidden "trap" that was inside of it. (*See id.* at 173-74). The record reveals no evidence that Detective Taylor ever received any paperwork about same and he provided this information only as part of the background for his investigation in this case. (*See id.*). Indeed, counsel did request any information in the Commonwealth's possession related to the vehicle and it responded that it did not have any.

PCRA relief. *See* 42 Pa.C.S. § 9544(a)(2), (b); *Ford*, *supra* at 329; *Rush*, *supra* at 660.

## C.

In his fourth issue, Morales-Castro alleges the ineffectiveness of trial counsel. (*See* Rule 1925(b) Statement, at 1 Paragraph 4).

In considering an ineffective assistance of counsel claim, we observe first that counsel is presumed effective and that a petitioner bears the burden to prove otherwise. *See Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. Super. 2014). To establish an ineffectiveness claim, a defendant must prove:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Id.* (citation omitted). "Failure to prove any prong of this test will defeat an ineffectiveness claim. When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Id.* (citations and internal quotation marks). Finally, counsel will not be found ineffective for failing to raise a meritless claim. *See id.*

Although Morales-Castro's vague Rule 1925(b) Statement fails to identify which actions of trial counsel he is challenging, the PCRA court explains:

> [Morales-Castro] contends that Attorney Marshall was ineffective: (1) for misrepresenting his criminal experience; (2) for not

- 12 -

properly cross-examining Oscar York (the confidential informant); (3) for failing to raise a **Brady**[12] violation based on the Commonwealth's failure to produce documents about the Chevy Tahoe; (4) for failing to disclose prior malpractice suits; (5) for failing to timely notify the Defendant of the Pennsylvania Supreme Court's denial of allocator; (6) for failing to challenge the legality of his sentence; (7) for failing to litigate the specificity of the search warrant; (8) for failing to prepare the Defendant for the preliminary hearing; (9) for failing to explain to the Defendant that the guilty plea offer entailed both a minimum and maximum sentence, as well as the possible sentences he could face if the matter proceeded to trial; and (10) for failing to prepare for trial.

(PCRA Court Opinion, 6/20/19, at 4); (**see also** Second Supplemental PCRA Petition, 1/10/19, at 2-4) (pagination provided).[13]

Morales-Castro is due no relief.

**1.**

Morales-Castro claims that counsel was ineffective because he misrepresented his criminal experience. (**See** *Pro Se* Supplemental PCRA Petition, at 9-10) (pagination provided). However, the PCRA court found that based on counsel's extensive testimony at the PCRA hearing, as well as its familiarity with the litigation, even if counsel misrepresented his criminal experience, this did not prejudice Morales-Castro because he provided

---

[12] **Brady v. Maryland**, 373 U.S. 83 (1963).

[13] The Second Supplemental PCRA petition phrases the issues slightly differently than both the PCRA court and the *Pro Se* Supplemental Petition filed by Morales-Castro, with some of them being more specific and others raising compound or vague allegations, but, in practical effect, they raise the same general claims.

competent assistance and was a zealous advocate. (**See** PCRA Hearing, 6/19/19, at 64). We will not disturb the court's finding.

**2.**

The next claim is that counsel failed to adequately cross-examine the confidential informant, Oscar York. (**See** *Pro Se* Supplemental PCRA Petition, at 10) (pagination provided). This claim is belied by the trial record, which reflects that counsel thoroughly cross-examined Oscar York at the time of trial. (**See** N.T. Trial, 4/30/13, at 75-103). This claim lacks merit.

**3.**

Morales-Castro next claims that counsel was ineffective for failing to pursue a **Brady** violation due to the Commonwealth's failure to produce evidence about the Chevy Tahoe in which the controlled buy occurred. (**See** *Pro Se* Supplemental PCRA Petition, at 13-16) (pagination provided). However, the underlying claim lacks merit and the issue does not merit relief.

Counsel cross-examined Detective Jeffrey Taylor about the Chevy Tahoe used by Morales-Castro in which the controlled buy occurred. (**See id.** at 193-95). As explained previously, Detective Taylor received information from another agency that the vehicle had been used in prior drug trafficking because of the hidden "trap" that was inside of it.[14] (**See id.** at 173-74). The

---

[14] The "trap" was located pursuant to a valid search warrant executed after the buy. Hence, even if trial counsel had raised a **Brady** violation, the outcome of the trial would not have changed.

record reveals no evidence that Detective Taylor specifically or the Commonwealth generally ever received any paperwork about same, and the detective provided this information only as part of the background for his investigation in this case. (**See id.**). Therefore, any **Brady** claim would have lacked merit and Morales-Castro was not prejudiced by counsel's failure to pursue such relief. **See Commonwealth v. Spotz**, 586 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim.). Hence, the allegation does not merit relief.

## 4.

Morales-Castro's next claim is that counsel was ineffective for failing to disclose prior malpractice suits. (**See** *Pro Se* Supplemental PCRA Petition, at 16) (pagination provided). Again, the PCRA court found that counsel was an effective advocate for Morales-Castro. Indeed, counsel was under no legal obligation to disclose the prior lawsuits where they did not affect his legal standing or ability to practice law. Because Morales-Castro has failed to establish that he was prejudiced by counsel's failure to disclose this information, this issue fails.

## 5.

The next claim of error is that counsel failed to timely notify Morales-Castro of the Pennsylvania Supreme Court's denial of allocator. (*Pro Se* Supplemental PCRA Petition, at 17) (pagination provided).

> [C]ounsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1)

that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

***Commonwealth v. Bath***, 907 A.2d 619, 623 (Pa. Super. 2006).

Here, Morales-Castro fails to demonstrate what non-frivolous grounds for appeal exist. His issues have been litigated through multiple appeals, and other than the legality of sentence issue for which we remanded for resentencing, all of his claims were found to either be waived or meritless. Under these circumstances, any further appeal would be manifestly frivolous. ***See id.*** at 623-24. Therefore, Morales-Castro has failed to prove that he was prejudiced by counsel's failure to timely advise him of the Pennsylvania Supreme Court's denial of his allowance of appeal and we cannot find counsel ineffective. ***See id.*** at 624.

## 6.

In his next issue, Morales-Castro claims that counsel was ineffective for failing to challenge the legality of his sentence. Specifically, he maintains that the court illegally imposed consecutive sentences where the two arrests were part of a single criminal episode. (***See*** PCRA Ct. Op., at 7); (*Pro Se* Supplemental PCRA Petition, at 2-4). In determining whether charges merge for sentencing purposes, we must consider:

> whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses stem from two different criminal acts, merger analysis is not required. If, however, the event constitutes a single criminal act, a court must then determine whether or not the two convictions should merge. In

order for two convictions to merge: (1) the crimes must be greater and lesser-included offenses; and (2) the crimes charged must be based on the same facts. If the crimes are greater and lesser-included offenses and are based on the same facts, the court should merge the convictions for sentencing; if either prong is not met, however, merger is inappropriate.

***Commonwealth v. Shank***, 883 A.2d 658, 670 (Pa. Super. 2005) (citation omitted).

Here, the two criminal cases against Morales-Castro involved different underlying facts. Case number 5565-2012 involved the April 27, 2012 controlled delivery of approximately 100 grams of cocaine to a confidential informant in a vehicle. The facts in case number 2781-2012 related to the execution of a search warrant at his residence on May 21, 2012, which yielded a kilogram of cocaine. Hence, they were two separate incidents, not a single criminal act. ***See id.*** Hence, trial counsel was not ineffective for failing to challenge the legality of his sentence.

**7.**

Morales-Castro next asserts that counsel was ineffective for failing to litigate the specificity of the search warrant for his home where it did not contain "cocaine" as an item to be searched for. (***See*** Second Supplemental PCRA Petition, at 3 Paragraph 6).

It is well-settled that "a valid search warrant authorizes the search of any container found on the premises that might contain the object of the search." ***United States v. Ross***, 456 U.S. 798, 820 (1982).

[W]here a search warrant adequately describes the place to be searched and the items to be seized the scope of the search extends to the entire area in which the object of the search may be found and properly includes the opening and inspection of containers and other receptacles where the object may be secreted.

*Commonwealth v. Petty*, 157 A.3d 953, 957 (Pa. Super. 2017), *appeal denied*, 169 A.3d 1070 (Pa. 2017) (citation omitted).

Here, a panel of this Court deemed the search warrant valid and properly supported by probable cause. This authorized the executing officers to search the pellet stove and bedroom closet for the evidence of drug activity, including books, ledgers, firearms and receipts. *See id.* Upon searching these areas, the cocaine was found. (*See* Memorandum, *supra* at 9 n.9). Therefore, any challenge of the specificity of the search warrant would not merit relief.

**8.-10.**

In his final three allegations of error, Morales-Castro maintains that trial counsel improperly advised him to waive the preliminary hearing, failed to explain the terms of the proposed guilty plea and was not adequately prepared for trial. (*See* Second Supplemental PCRA Petition, at 2 Paragraphs 1, 2, 3, 4, 7, 8) (pagination provided). We disagree.

Trial counsel testified at the PCRA hearing that he advised Morales-Castro to waive the preliminary hearing to gain favor with the Commonwealth to receive a more favorable plea offer. (*See* N.T. PCRA Hearing, at 44). He explained the offer's terms to Morales-Castro and the potential repercussions of not pleading. (*See id.* at 48-49, 61-62). He also testified that although

- 18 -

he expected Morales-Castro to enter the plea, he was prepared for trial, preparing an omnibus pre-trial motion and spending approximately 15 hours with his client. (***See id.*** at 50, 62).

Based on the foregoing, the PCRA court found that trial counsel was a competent and zealous advocate. (***See id.*** at 64). Morales-Castro's claims of trial counsel's ineffectiveness for his pre-trial representation lack merit. Accordingly, for all of the foregoing reasons, we conclude that his PCRA claims are either waived or lack merit and we affirm the order of the PCRA court denying his petition.

Order affirmed. Counsel's petition to withdraw granted.

Judge Lazarus joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/20